## DANIEL S. BENJAMIN *vs.* C. A. DOCKHAM.

Suffolk. Feb. 1. — March 3, 1883. FIELD & W. ALLEN, JJ., absent.

A declaration for the price of milk delivered to the defendant, at his request, is supported by proof of a delivery to the defendant's wife, while living apart from him, without means of support, by reason of his cruelty.

HOLMES, J. The plaintiff's declaration was for milk delivered to the defendant by the plaintiff at the defendant's request. His proof was of a delivery to the defendant's wife, who was living apart from her husband, without means of support, by reason of his cruelty. The only ground of exception which we are asked to consider is, that there was a variance between the declaration and proof. If there were such a variance, as the case has been tried on its merits, and it appears from the statement of the defendant's counsel himself that there can have been no surprise, an amendment would be allowed. *Peck* v. *Waters*, 104 Mass. 345, 351. *Cleaves* v. *Lord*, 3 Gray, 66. But we think no amendment is necessary. The allegation of delivery to the defendant would seem to be sufficient in a common count, even when the delivery was to a third person at the defendant's request. *Bull* v. *Sibbs*, 8 T. R. 327, 328. 2 Chitty Pl. (7th ed.) 47, n. *l*; (6th ed.) 56, n. *w*. A fortiori when it was to the defendant's wife, who at common law is one person with her husband. *Ross* v. *Noel*, Bull. N. P. 136. *Ramsden* v. *Ambrose*, 1 Stra. 127. And in those cases where the law authorizes a wife to pledge her husband's credit, even against his will, it creates a compulsory agency, and her request is his request.

*Exceptions overruled.*

C. P. *Weston*, for the defendant.

S. H. *Dudley & W. P. Dudley*, for the plaintiff.