MARY A. DOLAN *vs.* HENRY BROOKS.

Suffolk.     January 12, 1897. — May 20, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Contract — Husband and Wife — Agency — Necessaries.*

A husband is not liable for a dress furnished to his wife where it appears that, although they lived together, and that he paid all their household expenses, as well as some bills for her clothing contracted for in his name, the wife for a period of ten years had, out of her private income, paid for most of the clothing of herself and of her daughters, and where it does not appear that the husband had refused or neglected to provide the wife with suitable clothing, or that the dress in question, although suitable to her station in life, was necessary, or that credit was not given to her.

CONTRACT, to recover the price of a dress furnished by the plaintiff to the wife of the defendant.

At the trial in the Superior Court, without a jury, before *Dunbar*, J., there was evidence tending to show that the plaintiff was a dressmaker in Boston; that on or about April 2, 1895, the wife of the defendant ordered from her an imported French costume, consisting of a waist, skirt, and cape, at an agreed price of two hundred dollars; that the cape was delivered to the wife of the defendant on or about April 20, 1895; that she subsequently had the balance of the costume fitted to her two or more times, the last time being on May 6, 1895; that on May 20 the defendant's wife returned the cape to the plaintiff, at the same time stating in a letter that she had "waited quite long enough for it," and that she did not care "to pay two hundred dollars for a gown that has been hanging around your work-rooms for nearly two months"; that thereupon the plaintiff sent back to the defendant's wife the entire costume, including the cape, which Mrs. Brooks at once returned to the plaintiff.

The plaintiff testified that she had made about a dozen dresses for Mrs. Brooks in the six years preceding this transaction, the prices of which were from one to two hundred dollars apiece; that she gave credit to Mr. Brooks, who had never notified her not to furnish goods to his wife on his credit.

On cross-examination, she testified that she made her charges

and sent her bills to Mrs. Henry Brooks, and that she never had had any transactions with the defendant.

The defendant testified that he never had any business transactions with the plaintiff; that his wife had a separate income, from which, for about ten years, she had paid for her clothing; that she had traded with the plaintiff for three or four years, paying her bills with her own checks; but that he had paid for some clothing contracted for by his wife.

On cross-examination, he testified that he paid substantially all of the bills for the maintenance of his household, except the clothing bills for his wife and daughters.

Mrs. Henry Brooks, the wife of the defendant, testified that she had had previous dealings with the plaintiff, and that she had always paid her with her own checks, and that the money with which she paid for her clothing was derived from her own income.

At the close of the evidence the plaintiff requested the judge to rule: " 1. That the defendant is liable for goods purchased by his wife, if at the time of purchase the defendant and his wife were living together, and the goods purchased were suitable to her station in life; 2. That the defendant is liable for goods purchased by his wife, if at the time of purchase the defendant and his wife were living together, and the goods purchased were suitable to her station in life, and the defendant at that time, and for some time previous, had not in fact supplied his wife with such goods suitable to her condition in life; 3. That the defendant is liable for goods purchased by his wife, if at the time of purchase the defendant and his wife were living together, and the goods purchased were suitable to her condition in life, even if the wife had a separate income; 4. That the fact that the wife had a separate income — such fact being uncommunicated to the plaintiff — does not release the husband from his liability to pay for goods suitable to the wife's station in life, supplied by the plaintiff to the wife while husband and wife were living together; 5. That under the pleadings in this case, if the goods purchased were suitable to the wife's condition in life, and the defendant and his wife were at the time of purchase living together, the defendant is liable; 6. That articles of clothing supplied the wife, if furnished her during cohabitation with the husband, and if suitable to her condition in life, are necessaries."

The judge declined to give the first five rulings requested, ruling in relation to the fourth request that the non-communication to the plaintiff of the fact that the wife had a separate income was immaterial. The judge also refused to give the sixth ruling requested, except in the following modified form: "Articles of clothing supplied the wife, furnished her during cohabitation with the husband, if actually needed by her and if suitable to her condition in life, are necessaries." The judge found for the defendant; and the plaintiff alleged exceptions.

*W. B. F. Whall*, for the plaintiff.

*E. M. Johnson*, for the defendant.

MORTON, J. The plaintiff does not rely upon the exceptions which she took to the admission of evidence, but she insists that the rulings requested by her should have been given.

The case was tried without a jury, and the court found generally for the defendant. One question was whether credit was given to the husband or to the wife. It is possible that the judge may have found that credit was given to the wife and not to the husband. If so, that disposed of the case on a ground which rendered inapplicable the rulings which were requested. The plaintiff contends, however, that the fact that the judge passed upon the rulings tends to show that he could not have disposed of the case on that ground, and we therefore pass to a consideration of the other questions involved.

It is not contended that the wife had express authority from the defendant to purchase the dress. The plaintiff relies on the obligation which a husband is under to furnish his wife with necessaries suitable to her station in life, and on the authority which she has by law, in case of his neglect to do so, to purchase them on his credit. The question is whether, under the circumstances of this case, the defendant is liable on that ground. A wife has not authority to purchase on her husband's credit such clothing as she deems suitable and proper. Generally speaking, it is only in cases of necessity that the law constitutes her his agent with authority to pledge his credit. This is the law in England, as well as here. *Raynes* v. *Bennett*, 114 Mass. 424. *Conant* v. *Burnham*, 133 Mass. 503. *Debenham* v. *Mellon*, 6 App. Cas. 24. *Jolly* v. *Rees*, 15 C. B. (N. S.) 628. It is possible that the husband's consent to or acquiescence in the doing

of certain things by the wife may constitute her his agent *quoad* such matters. Such an agency may be presumed, perhaps, under some circumstances, in regard to those things relating to the family, for instance, which it is usual for the wife to do, and which she does without any question or objection on the part of her husband. *Debenham* v. *Mellen, ubi supra.* This case, however, as already observed, stands on a different ground from either of those just referred to.

The plaintiff and his wife were living together, and he paid all of the expenses for the maintenance of the household, except those for the clothing of his wife and daughters. The bulk of those was paid by the wife out of her income. She had been accustomed for ten years to do this, though the defendant had paid some bills for clothing contracted by her in his name. For aught that appears, her income was sufficient to clothe her suitably according to her station in life, and it fairly may be assumed that it was understood between them that it should be used by her in this manner. We do not see how, under such circumstances, the defendant can be held liable. Assuming that the dress was suitable according to her station in life, it does not appear that the defendant had refused or neglected to provide his wife with suitable clothing, and consequently one of the essential grounds in which the law raises an agency in the wife's favor to bind the husband was wanting. Further, the judge who heard the case may have found that, although the dress was suitable, it was not necessary.

We do not mean to intimate that the fact that a wife has an income of her own relieves the husband from his obligation to support her, or absolves him from liability for suitable clothing bought by her in consequence of his refusal or neglect to provide it for her. It is not necessary to decide that question now. See *Thorpe* v. *Shapleigh,* 67 Maine, 235 ; *Liddlow* v. *Wilmot,* 2 Stark. 86.

The rulings asked for assumed in one form or another that the defendant was liable. As we do not think that he is, it is unnecessary to consider them in detail. The modifications which the judge made in the fourth and sixth rulings asked for were rightly made.

*Exceptions overruled.*