Moore v. Rose.

---

H. C. MOORE, Respondent, v. WILLIAM T. ROSE, Appellant.

Kansas City Court of Appeals, March 2, 1908.

1. **JUSTICES' COURTS: Statement: Evidence: Husband and Wife: Agency.** The account filed with the justice read "R in account with M" followed by the items of merchandise. The evidence shows that the items were purchased by the wife of R. *Held,* there was no variance since a purchase made by a wife is the act of the husband, she being his agent.

2. ———: ———: ———: **Value: Jury.** Evidence held sufficient to send the question of value to the jury.

Moore v. Rose.

3. **HUSBAND AND WIFE: Necessaries: Evidence.** In an action against a husband for necessaries sold to the wife who was living apart from him, *held* that evidence as to certain clothing retained by the husband from the use of the wife and family was immaterial since they could not relieve the necessity for such articles.

4. ————: **Living Separate: Agency: Witnesses.** Under the facts and admissions in this case it is held that the fact that the wife was living separate from the husband did not destroy her agency and prevent her from testifying.

5. **TRIAL PRACTICE: Accepted Theory: Instruction.** Where a case is by both parties tried on a certain theory it is not error to refuse an instruction submitting to the jury a different theory.

6. ————: **Remarks of Court: Agreement of Parties.** Certain remarks of court which ordinarily might be improper are held to be no cause of complaint by reason of agreement of the parties.

Appeal from Vernon Circuit Court.—*Hon. B. G. Thurman*, Judge.

AFFIRMED.

*J. M. Hull* and *M. T. January* for appellant.

(1) A statement in a suit before a justice must "set out the facts" constituting the cause of action. R. S. 1899, sec. 3852. (2) And the sufficiency of such statement must appear on its face. McCrary v. Good, 74 Mo. App. 425. (3) Where husband and wife are living apart, her power to charge him for necessaries is not based on the doctrine of agency. His liability in such case is one created by law. Sauter & Adams v. Scrutchfield, 28 Mo. App. 150; Bishop on Contracts (Enlarged Ed.), sec. 235; Harshaw v. Merryman, 18 Mo. 106. (4) It follows the statement in this case is insufficient to support the judgment. The suit is on one cause of action and recovery on another. (5) When husband and wife are living apart, the tradesmen seeking to recover from the husband for alleged necessaries furnished the wife, must prove that the articles furnished come within the class denominated "necessaries," and that

the husband had failed to sufficiently supply these articles. Schouler on Domestic Relations (2 Ed.), star p. 93; McKinney v. Guhman, 38 Mo. App. 344; Reese v. Chilton, 26 Mo. 598; Porter v. Bobb, 25 Mo. 36; Barr v. Armstrong, 56 Mo. 577. (6) The court erred in making improper remarks and comments on the evidence in the presence of the jury. This is reversible error. Rose v. Kansas City, 102 S. W. 578; State v. Potter, 102 S. W. 668.

*Lee B. Ewing* and *J. R. Moss* for respondent.

(1) Were the goods sued for, necessaries? Ittner v. Hughes, 133 Mo. 690; Fahy v. Gordon, 133 Mo. 426. (2) The goods were necessaries. Sauter v. Scrutchfield, 26 Mo. App. 157; Reed v. Crissey, 63 Mo. App. 184; 1 Bishop on Marriage and Divorce, sec. 1189; 15 Am. & Eng. Ency. Law (2 Ed.), pp. 876, 877. (3) Upon the admission it stood conceded that the goods in question were purchased by appellant's wife, that she and her children were separated from him by reason of his fault or with his consent, that she was not supplied with necessaries, that the price paid for the goods was reasonable. Having assumed that position in the court below, appellant will not be permitted to change front here. McKinney v. Guhman, 38 Mo. App. 344. (4) So long as the family reside together, or while the wife is separated from the husband by his fault, affording her reasonable cause for leaving home, she is his agent for the purchase of necessaries for herself and their children that are with her. 1 Bishop on Marriage and Divorce, secs. 1215, 1216, 1226; 15 Am. and Eng. Ency. Law (2 Ed.), pp. 886, 887; Sauter v. Scrutchfield, 28 Mo. App. 150; Reed v. Crissey, 63 Mo. App. 184; McLean v. Kansas City, 81 Mo. App. 72; Rutherford v. Coxe, 11 Mo. 348; Reese v. Chilton, 26 Mo. 598; Billings v. Pilsher, 46 Am. Dec. 523. (5) Even when the wife is separated from the husband by reason of her own fault, she is still

the husband's agent for the purchase of necessaries for their children which he permits to remain with her. Gill v. Read, 73 Am. Dec. 73; 15 Am. & Eng. Ency. Law (2 Ed.), p. 891. (6) The wife being the husband's agent for the purchase of necessaries, he is bound by her contract for the same. The tradesman is not required to look into the family larder and ascertain whether it is already supplied; Sauter v. Scrutchfield, 28 Mo. App. 150; 1 Bishop on Marriage and Divorce, sec. 1226; 15 Am. & Eng. Ency. Law (2 Ed.), pp. 875, 876. (7) Appellant's wife was a competent witness in this case. Sauter v. Scrutchfield, supra; Reed v. Crissey, supra. (8) The statement of account sued on is sufficient. The date of the purchase, the kind, and cost of each item are definitely set forth. The account would bar another action for same goods. Glenn v. Weary, 66 Mo. App. 75, and cases there cited; Cameron Sun v. McAnaw, 72 Mo. App. 196; Byrne v. Railroad, 75 Mo. App. 196; Van Cleaves v. St. Louis, 159 Mo. 574; Calmes v. Haight, 85 Mo. App. 362.

BROADDUS, P. J.—This suit was commenced before a justice of the peace where it was tried and appealed. The statement filed with the justice begins as follows:

"Nevada, Mo., May 8th, 1906.
"Mr. William Rose. In account with Harry C. Moore . . ."

Then follows an itemized account of the articles sold and the value of each.

At the time of the sale of the goods the wife and children of defendant were living separate and apart from him, on account of his alleged misconduct. At the trial plaintiff's counsel in his opening statement to the jury referred to what he expected the testimony would show was the cause of the wife and children leaving their home, whereupon defendant's counsel said: "Now,

if it please, we desire to object to a statement of this kind, because the issue in this case must necessarily be this—whether these goods were necessaries. It makes no difference whether these people were living together, or living separate and apart, the obligation of the husband is the same." The court then said: "On the part of the defendant it is conceded that the only issue in the case is whether or not these articles enumerated were necessaries. Therefore I think the statement of counsel about the relation between husband and wife is improper. It makes no difference, under the concession of counsel." The evidence tended to show that the goods were in the nature of necessaries; and that of defendant that the wife and children were already sufficiently supplied with all that was necessary. At the close of the evidence the counsel of the respective parties made their arguments to the court as to the law of the case in the presence of the jury, it being agreed that there was no objection to the hearing being in their presence. After the discussion as to the law of the case the court said: "In this case the court has proceeded upon the theory that the wife was compelled to abandon her home on account of the actions and conduct of the husband. Counsel for defendant having stated to the court in the beginning that the only question involved in this case was, as to whether or not the goods sued for were necessaries, in counsel's objection to the statement of counsel for plaintiff that the wife in this case was driven from her home on account of the cruelty of her husband. The court having sustained that objection, and also the objection by the defendant tending to show that the wife was driven away on account of the failure of the husband—" At this point defendant's counsel interposed as follows: "To which remarks of the court, in the presence of the jury, the defendant excepts." The court then said: "The court inquired of counsel before the argument, as to whether or not counsel desired that the jury

should be directed to remain outside of the court room during the hearing; counsel having agreed that there was no objection to the hearing being in the presence of the jury." The court thereupon sustained, "the objecttions of the plaintiff to all testimony in relation to the extent of the clothing at the home of the defendant and brought into Nevada to the wife . . . except that the jury may consider the same in connection with other facts and circumstances in determining the character of goods that would constitute necessaries in the station of life of defendant."

One objection to plaintiff's right of recovery is that the statement is not sufficient to support the judgment or in other words that the suit is upon one cause of action and recovery is on another. The assumption of the defendant is that the statement implies that the goods were sold to the defendant whereas all the evidence shows that they were bought by the wife. This is a mistake as will be seen by reference to the heading of the account which merely shows that defendant was charged with the goods. And if the theory on which the case was tried was the correct one it could make no difference as a purchase made by the wife was the act of defendant, she being his agent.

Another objection to the finding of the jury is that there was no proof of the value of the goods. There was some but it was slight. The plaintiff was asked "What did that bill of goods amount to, Mr. Moore." To which he answered: "I think the entire purchase price was something like $85." It was sufficient however, to carry the case to the jury on the question of value.

The defendant lived on a farm some distance from Nevada. Plaintiff's attorney sent the constable to defendant's home to make a demand upon him for clothing of the wife and children, that the wife had there when she left home, but he refused to give them up. But af-

ter his wife had made the purchase in question he sent them to her. It was this evidence as to that clothing that the court excluded except so far as it tended to show that they were articles of a "kind and character adopted and suitable to her station in life, etc." There was no error in that respect for the reason that while he detained the clothing from his wife and children with her, they were no more than if they had not existed and could not relieve the necessity for such articles.

The wife's evidence was introduced to show the purchase of the goods, their purpose, and necessity for them. This is assigned as error, the argument being that while the wife was living separate and apart from her husband she was not his agent. In Scrutchfield v. Sauter, 28 Mo. App. 150, it is held, that the wife is the agent of the husband "so long as she is not separated from him by her fault." We must assume from the position taken by defendant when plaintiff undertook to prove that the wife was driven from home by the husband's cruel treatment, that: "it makes no difference whether these people were living together or living separate and apart, the obligation of the husband is the same;" that the defendant's theory of the case was that the wife had the authority to bind the husband for necessaries, and that the only question before the jury was whether the goods in question were necessaries and whether the wife and children were in want of them at the time she made the purchase or that the husband had failed to supply them. [McKinney v. Guhman, 38 Mo. App. 344.] There can be no dispute but what the wife is the agent of the husband in the purchase of necessaries in such cases.

The defendant asked the court to instruct the jury on his theory that when the wife and husband were living apart there was no implied authority on the part of the wife to bind him for necessaries. The court refused to so instruct. The action of the court was proper for

the reason given, that the cause was being tried upon the theory that the obligation of the husband was the same whether they were living apart or together.

The question is raised as to the propriety of the action of the court in making certain remarks in the presence of the jury to which reference has been had. Ordinarily what the court said at that time would have been improper. But as both parties agreed that the jury might remain while the discussion was going on as to the law that should be incorporated in the instructions, we do not think defendant has any cause to complain. The court was merely calling attention that certain facts would not be considered, because under the agreed theory upon which the case was tried, they would not be pertinent on the issues to be submitted to the jury. And the facts to which the court alluded were those that defendant had from the very beginning insisted, were not proper on the issues as he understood them to be.

Finding no error in the cause it is affirmed. All concur.