## PICKNEY  FRENCH,  Respondent,  v.  JOHN BURLINGAME, Appellant.

St. Louis Court of Appeals, February 21, 1911.

1. **HUSBAND AND WIFE: Necessaries: Wife's Implied Agency.** A wife has an implied agency to pledge her husband's credit for necessaries for herself or his minor children, according to the circumstances of the case.

2. **PARENT AND CHILD: Necessaries: Liability of Father.** A father is liable for such reasonable necessaries of life as are compatible with his circumstances, furnished to his minor child by third persons, in case he neglects to supply such necessaries and they are procured by the child or his prior divorced wife for the child.

3. ——:  ——:  ——: **Principal and Agent.** A father is liable for necessaries furnished to his infant child by his authority through an obligation contracted by his agent.

4. **PHYSICIANS AND SURGEONS: Action for Compensation: Death of Patient.** Where a surgeon performed an operation on a minor child in a careful and skillful manner, the fact the patient subsequently died, without fault of the surgeon, would not affect the right of the surgeon to recover the reasonable value of his services from the child's father.

5. **PARENT AND CHILD: Necessaries: Surgical Operation: Liability of Father: Physicians and Surgeons.** Where a husband allowed his wife and their family physician to take their minor child to a city for treatment by a surgeon, and the two physicians found that the only hope of saving the child's life was

an immediate operation, which was then properly performed, the father was liable for the surgeon's fee, though the child died and the operation was without his knowledge and against his wishes, but of which latter fact the surgeon was uninformed.

Appeal from St. Charles Circuit Court.—*Hon. James D. Barnett,* Judge.

AFFIRMED.

*Peers & Peers* for appellant.

(1) Plaintiff can not recover because the evidence shows that the child died, and a surgical operation of doubtful advantage performed on an infant upon the request of the mother is not such necessity as to render the non-assenting father liable therefor. Dettwiler v. Baeuers, 9th Penn. State Sup. Court, 473; Keaton v. Davis, 18 Georgia 486; Rogers v. Turner, 59 Mo. 116; Hyde v. Leierger, 107 Mich. 490.

*Wm. Waye, Jr.,* and *Wilfley, McIntyre & Nardin* for respondent.

(1) A father is liable for services furnished to his infant child by a third party. Huke v. Huke, 44 Mo. App. 312; Rankin v. Rankin, 83 Mo. App. 341; Viertel v. Viertel, 212 Mo. 576. (2) The fact that a patient treated by a physician or surgeon, dies following treatment, does not prevent the law implying a promise to pay for such service, unless there is a showing that the services were not properly performed. Logan v. Field, 192 Mo. 54.

NORTONI, J.—This is a suit in *quantum meruit* for the reasonable value of professional services of a surgeon in performing an operation on defendant's infant child. Plaintiff recovered and defendant prosecutes the appeal.

There is but one question for decision and that relates alone to the sufficiency of the evidence in support of defendant's liability, for the charge of one hundred dollars made against him by plaintiff for the services. It appears defendant resides, together with his wife and family, in Montgomery county, Missouri. Plaintiff is a practicing physician and surgeon in the city of St. Louis. Defendant's little daughter nine years of age, had been suffering some time with a liver trouble and had been treated at home therefor by local physicians, without success. She was finally brought to St. Louis by her mother and the family physician for treatment by Dr. French. Upon making an examination, plaintiff, Dr. French, and defendant's family physician diagnosed the malady to be an abscess on the liver and advised that an operation should be performed at once in order to permit the pus to escape and thus save the patient's life. This fact was communicated to defendant's wife, who consented and agreed that the operation should be performed. In accord with her consent, the operation was performed at the hospital on the following day and it is said as much as two quarts of pus were removed. The little girl succumbed a day or two thereafter, but it is conceded the operation was performed with skill, and the death occurred from weakness resulting from the disease. Defendant is the father and resists payment of the one hundred dollars charge made by Dr. French solely on the grounds that the operation was performed without his knowledge or consent. It is conceded in the case that the operation was necessary in order to save the life of the child, but was, of course, a dangerous one in the then weakened and emaciated condition of the patient. It is in evidence on the part of defendant that he had objected to an operation before his wife left home with the child and said that one should not be performed, but this fact was not communicated to Dr. French. It appears that he was informed only that the father objected to the child's being removed to St. Louis, but

nothing was said to him about an objection to an operation if one were found to be necessary.

Defendant relies upon the case of Detwiler v. Bowers, 9 Pa. Sup. Ct. 473, where it is said a surgical operation of doubtful advantage is not a necessary for which a non-assenting father is liable upon an order given to the surgeon by the wife. But the facts in that case are somewhat dissimilar from this one, for there the malady from which the child suffered and for which the operation was performed at the instance of the mother without the knowledge and against the consent of the father was a cancerous tumor and the parents had been advised the disease would immediately reveal itself again though an operation were had. Indeed, this prediction proved to be true in that case, for though several operations were had, each time the cancerous growth recurred. On those facts, the court deemed the operation so known to be of doubtful advantage as one not falling within the category of necessaries furnished the child for which the parent should answer. Here the facts are entirely dissimilar, for naught in the case suggests that the malady-abscess on the liver—might return if once removed, and it is conceded such was the only remaining chance for the recovery of the child. The fact that defendant objected to the child being removed from home and brought to St. Louis for treatment by Dr. French is wholly unimportant in view of the further fact that he nevertheless permitted the removal to be made. Both the mother of the child and the family physician say they did not inform Dr. French that defendant objected to an operation, but only that he preferred the child to remain at home. Defendant having acquiesced in the act of the mother in bringing the little one to plaintiff in St. Louis for treatment, the case must be viewed as though the wife was his agent for the purpose. No one can doubt the implied agency of the wife to pledge her husband's credit for necessaries for herself or his minor children, according to the circumstances of the case.

[Sauter v. Scrutchfield, 28 Mo. App. 150; 15 Am. and Eng. Ency. Law (2 Ed.), 876.] It is the law, too, that the father is liable for such reasonable necessaries of life, as are compatible with his circumstances, furnished to his minor child by third persons, in case he neglects to supply them and they are procured by the child or his prior divorced wife for it. [Rankin v. Rankin, 83 Mo. App. 335; Huke v. Huke, 44 Mo. App. 309, 313.] The proposition that a father may of course be held liable for necessaries furnished to his infant child with his authority though the obligation be contracted through his agent, is certainly sound beyond question. [21 Am. and Eng. Ency. Law (2 Ed.), 1052, 1053.]

The case concedes that the only chance for saving the life of the child was the operation, which plaintiff performed in a careful and skillful manner. The fact the patient subsequently died without fault of the surgeon is wholly immaterial to the obligation of defendant to pay the reasonable value of his services. [Logan v. Field, 192 Mo. 54, 90 S. W. 127.] In these circumstances, we can imagine nothing more highly necessary to the welfare of the child or more within the obligation of the parent than the services rendered, for it was the one and only hope of the little one's continued life to bless and cheer the parents. It is obvious, too, this service was rendered at the instance and request of defendant's wife, who possessed prima facie authority to bind him for such necessaries as were furnished to herself or his minor children. Infection was present and about to progress; the mother unattended, except by the family physician, but with the father's consent, was in a great city with their child dangerously ill seeking some measure of relief. So situate, was the mother to await communication with her husband at a distant part of the state while the spell of almost immediate dissolution hovered over the little one, before asserting her authority to commit him to respond as for necessaries in compensation of services which offered the one chance for

its life? We answer no. We further say the services rendered were in the circumstances of the case necessaries for which the law implies an obligation on the part of the father to pay when so performed at the instance and request of the mother. Every precept of natural justice suggests the liability of defendant and if there is no precedent for sustaining the judgment, one should be established forthwith. The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.