BUTLER, Respondent, *v.* PETERS, Appellant.

(No. 4,659.)

(Submitted February 4, 1922. Decided February 27, 1922.)

[205 Pac. 247.]

*Attachment — Improper Issuance — Corporations — Action on Statutory Liability of Director—Nature of Liability.*

Attachment—When Improperly Issued.
  1. An attachment is improperly issued if the action in which issued is not one upon a contract, express or implied, for the direct payment of money.

Same—Corporations—Action on Statutory Liability of Director—Attachment Improper.
  2. *Held,* that the liability of a director for the debts of his corporation imposed by section 3850, Revised Codes of 1907, as amended (Chap. 140, Laws 1909, sec. 6003, Rev. Codes 1921), for failure of the corporation to file its annual report exhibiting its financial condition, *etc.,* does not arise out of a contract, express or implied, for the direct payment of money, and that therefore a writ of attachment was improperly issued in an action by a creditor of a corporation against one of its directors to recover a debt owing to plaintiff by the corporation.

Same—Implied Contract—Upon What Founded.
  3. Generally speaking, an implied contract has its foundation in the doctrine of unjust enrichment.

Same—Corporations—Nature of Statutory Liability of Director.
  4. The statutory liability of a director of a corporation for all its debts or judgments for failure to file its annual financial report is in the nature of a penalty imposed for omission to obey the mandate of the law and is not contractual in character.

*Appeal from District Court, Meagher County; E. H. Goodman, Judge.*

ACTION by Walter Butler against A. G. Peters, in which a writ of attachment was issued. From an order refusing to discharge the attachment, the plaintiff appeals. Reversed.

*Messrs. Ford & Linn,* for Appellant, submitted a brief; *Mr. C. A. Linn* argued the cause orally.

*Mr. Chas. L. Tyman,* for Respondent, submitted a brief.

We contend that this action is one upon an implied contract and is for the direct payment of money, and one in which a

writ of attachment can be issued, and while it is an action based upon a statutory liability, it is called so only for the purpose of the remedy, that there is an implied promise on all of the directors of the corporation to pay the corporation's debts, but they may become immune, upon certain conditions, one of which is, that they file an annual statement, setting forth certain facts disclosing to their creditors the financial standing, in order that persons or creditors dealing with the corporation may know what credit to extend.

Contracts implied in law are more properly *quasi*-contracts or constructive contracts, and are a class of obligations which are imposed or created by law, without the consent of the party bound, on the grounds that they are dictated by reason and justice, and which may be enforced by an action *ex contractu.* (6 C. J. 244; *Nevada Co.* v. *Farnsworth,* 89 Fed. 164; *Chudnovski* v. *Eckels,* 232 Ill. 312, 83 N. E. 846; *Gutta-Percha & Rubber Co.* v. *City of Houston,* 108 N. Y. 276, 2 Am. St. Rep. 412, 15 N. E. 402.) A *quasi* or implied contract is one where liability exists from implication of law, arising from facts and circumstances or presumed intention, based upon the doctrine of unjust enrichment, the implied agreement being one defining the duty of the defendant rather than his intentions. (13 C. J. 244; *Board of Highway Commrs.* v. *City of Bloomington,* 253 Ill. 164, 97 N. E. 280.)

Obligations arising by implication of law are as binding as those created by express contract. Obligations created by law are enforceable by those in whose favor they run as fully and completely as those resulting by contract. (*Morgan's La. & T. R. & S. Co.* v. *Stewart,* 119 La. 392, 44 South. 138.) There is an implied promise under our laws, for the director may render immunity effective by filing the required statement, otherwise he is presumed conclusively to have assented to stand good as surety for all the liabilities which he or the other directors have permitted the corporation to assume. (*First Nat. Bank* v. *Cottonwood Land Co.,* 51 Mont. 544, 85 Pac. 642.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was brought to recover the amount of an indebtedness due to the plaintiff from the White Sulphur Springs Mineral Water Company, a corporation, and liability is sought to be fastened upon the defendant because he was a director of the corporation at the time the indebtedness was incurred and because the annual report required by law had not been filed. A writ of attachment was issued and defendant's property seized. This appeal is prosecuted from an order of the district court refusing to discharge the attachment.

If the attachment was improperly issued, it should have
[1] been discharged (sec. 9284, Rev. Codes 1921), and it was issued improperly if this action does not belong to the class of actions in which an attachment is authorized. (*State ex rel. Malin-Yates Co.* v. *Justice of the Peace,* 51 Mont. 133, 149 Pac. 709.)

Under our statutes an attachment may issue only in an
[2, 3] action upon a contract, express or implied, for the direct payment of money. (Secs. 9256, 9257, Rev. Codes 1921.) At the time this cause of action arose, section 3850, Revised Codes of 1907, as amended by section 1 of Chapter 140, Laws of 1909, was in force. It provided that every corporation having a capital stock, except banks, trust companies and building and loan associations, should annually, within twenty days after December 31, file with the county clerk of the county in which the corporation's principal place of business was situated, a report exhibiting the financial condition of the corporation, *etc.* The statute provided further: "If any such corporation shall fail to file such report, directors of the corporation shall be, jointly and severally, liable for all debts or judgments of the corporation then existing, or which may thereafter be in any wise incurred until such report shall be made and filed." The proviso to the section is not material here.

This appeal presents the single question: Does the liability of a director under the statute above arise out of a contract, express or implied? It is self-evident that an express contract is not involved, and counsel for plaintiff concedes that the attachment can be sustained, if at all, only upon the theory that by accepting the office of director the defendant impliedly agreed to pay the corporation's debts if the annual report should not be filed as required by law.

The statute above was enacted first in 1867 (Laws 1867, p. 25), and, with amendments made from time to time, has been continued in force to the present day and is now found in section 6003, Revised Codes of 1921. In *Gans* v. *Switzer*, 9 Mont. 408, 24 Pac. 18, it was held that the statute is penal in character and must be construed strictly; that it establishes a new rule of private right unknown to the common law; and that the liability imposed "is neither created by contract, nor given as compensation for a direct and immediate wrong done by the directors to the creditors." The doctrine of that case has never been repudiated; on the contrary, it has been approved in every instance, where the same question has reappeared. (*Elkhorn Trading Co.* v. *Tacoma Mining Co.*, 16 Mont. 322, 40 Pac. 606; *Wethey* v. *Kemper*, 17 Mont. 491, 43 Pac. 716; *State Savings Bank* v. *Johnson*, 18 Mont. 440, 56 Am. St. Rep. 591, 33 L. R. A. 552, 45 Pac. 662; *Giddings* v. *Holter*, 19 Mont. 263, 48 Pac. 8; *Manhattan Trust Co.* v. *Davis*, 23 Mont. 273, 58 Pac. 718; *Daily* v. *Marshall*, 47 Mont. 377, 133 Pac. 681.) Accepting those decisions as determinative of the character of our statute, the supreme court of Pennsylvania refused to enforce the liability, under the maxim of international law which prevails among the states: "The courts of no country execute the penal laws of another." (*Commercial Nat. Bank* v. *Kirk*, 222 Pa. 567, 128 Am. St. Rep. 823, 71 Atl. 1085.) However, we think the Pennsylvania court carried the doctrine beyond the limit set by this court. The statute is not penal in the sense that the liability is imposed as punishment for an offense com-

mitted against the public; but, since a new and onerous burden is imposed by reason of the failure to file the report, the statute is penal in the sense that it is to be construed strictly for the purpose of determining whether in any given case the director is subject to the penalty. (*Daily* v. *Marshall,* above; *Huntington* v. *Attrill,* 146 U. S. 657, 36 L. Ed. 1123, 13 Sup. Ct. Rep. 224 [see, also, Rose's U. S. Notes].) But whenever the facts disclose the liability clearly, the statute should be construed liberally in favor of the creditor who brings himself within its terms. (*Credit Men's Adjustment Co.* v. *Vickery,* 62 Colo. 214, 161 Pac. 297.)

It has been necessary, in many cases arising under statutes in principle the same as our own, for the courts to determine the nature of the directors' liability in order to make proper application of the statute of limitations, and, so far as we are advised, no court has held that the statute which limits the time within which an action upon a contract must be commenced is applicable to an action of this character; on the contrary, it has been held generally that the creditor's action is one upon a statute for a penalty or forfeiture, when the action is given to an individual or to an individual and the state (sec. 9032, Rev. Codes 1921) as distinguished from an action upon a liability created by statute other than a penalty or forfeiture (sec. 9033, Rev. Codes 1921; *State Savings Bank* v. *Johnson,* above; *Merchants' Bank* v. *Bliss,* 35 N. Y. 412; *Brown* v. *Clow,* 158 Ind. 403, 62 N. E. 1006). In Arkansas it is held that the liability is contractual in its nature (*Hughes* v. *Kelley,* 95 Ark. 327, 129 S. W. 784), but the decided weight of authority and the better reasoned cases, we think, hold that the liability is not created by contract.

Speaking generally, an implied contract has its foundation [3, 4] in the doctrine of unjust enrichment; but there is not present any element of that doctrine in the liability imposed by our statute. The director gains nothing by failing to file the report; on the contrary, the effect of his default is the imposition upon him of the burden of the corporation's debts.

He is required to respond, not because he agreed to do so, but solely because the statute imposes upon him the duty to pay, and when the law imposes such a duty it is idle to say that a contract to pay is implied. (*Bigby* v. *United States* (C. C.), 103 Fed. 597.) Our statute will not admit of a construction which leads to the conclusion that the director's liability partakes of the nature of compensation to the creditor for any direct or immediate wrong done to him by the director. The creditor need not allege or prove that he was misled, imposed upon, or injured by the director's default, and his right to recover is not dependent upon the corporation's insolvency. (*First Nat. Bank* v. *Cottonwood Land Co.*, 51 Mont. 544, 154 Pac. 582.) Indeed, the corporation may be a prosperous, going concern with abundant resources from which to meet all of its obligations, and still the derelict director is personally liable for its debts solely because the required statement was not filed. Aside from capable parties and a lawful object, every essential element of a contract is wanting. —consent of the parties, mutuality, and a sufficient consideration. (Sec. 7468, Rev. Codes 1921; *McCoun* v. *Railroad Co.*, 50 N. Y. 176; *Morley* v. *Railway Co.*, 146 U. S. 162, 36 L. Ed. 925, 13 Sup. Ct. Rep. 54 [see, also, Rosé's U. S. Notes].) In 1 Page on Contracts, section 12, it is said: "A liability imposed by statute and not assumed by the voluntary agreement of the parties is not a contract, even if it is a liability on which the action of debt could have been maintained at common law."

Our conclusion is that the director's liability is purely statutory and is in the nature of a penalty imposed for failure to obey the mandate of the law. The subject is discussed at great length, and the numerous decided cases supporting our views are cited, in 4 Fletcher's Cycl. Corporations, Chapter 46.

It is the general rule that, whenever defendant's liability to plaintiff arises purely from statute, it is not regarded as a

demand on which an attachment will issue under statutes such as our sections 9256, 9257, above (6 C. J. 88).

Since the complaint herein does not state a cause of action upon a contract, express or implied, for the direct payment of money, the attachment was improperly issued. (*Kyle* v. *Chester*, 42 Mont. 522, 37 L. R. A. (n. s.) 230, 113 Pac. 749.)

The order is reversed and the cause is remanded to the district court, with directions to discharge the attachment.

*Reversed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES COOPER and GALEN concur.

MR. JUSTICE REYNOLDS, being absent, takes no part in the foregoing decision.

