JOHN WANAMAKER, RESPONDENT, v. B. GEORGE ULIZIO, APPELLANT.

Argued May 20, 1925—Decided October 19, 1925.

1. A wife has authority to pledge the credit of her husband for necessaries when the husband, by his conduct, has led the tradesman to believe that the wife has such authority.

2. In this case the trial judge, after stating the legal rules applicable to the liability of a husband for necessaries contracted for by the wife, and submitting to the jury five questions of fact, charged the jury thus: "I call your attention to the question, because, if that account was opened by Mrs. Ulizio in her husband's name, with his consent and knowledge, I think you would be entitled to infer from that fact that it was his intention that she should use that account, and, to some extent, an implied authority was conferred upon the plaintiff to extend her credit upon his name. You, however, are to be the judges of the evidence." This was not error.

On appeal from the Supreme Court.

For the appellant, *Bolte, Sooy & Gill.*

For the respondent, *Bourgeois & Coulomb.*

The opinion of the court was delivered by

BLACK, J. The meritorious question involved in this appeal is whether a husband is liable for articles of clothing furnished a wife on a credit account opened by the wife in the name of the husband?

The liability of the husband for the price of the articles so furnished to the wife depends, of course, upon the facts disclosed in the record and as found by the jury. These facts may be thus shortly summarized.

Mr. and Mrs. Ulizio were married on June 14th, 1921. They lived together until February 14th, 1922. The account was opened by the wife in the name of the husband in January, 1922. She testified: "*Q.* What, if anything, did Mr. Ulizio, the defendant, say to you about opening the account there? *A.* He said it was perfectly alright. *Q.* Did he place any limitation at all upon your use of that account? *A.* No, sir." The goods were furnished on September 30th and October 2d, 1922, in value, as charged, amounting to $1,668.30.

There is testimony that the husband gave the wife $25 every week since the separation. Also, that he gave her, in addition, some $200 for clothes.

The husband testified that he did not agree with the wife that she could have a charge account. She did not have any charges that he knew of at any stores. He knew of no charge account opened by his wife. In this he was evidently mistaken, because, in a letter addressed to the plaintiff under date of April 1st, 1922, he says: "I am not familiar with reference submitted to you for a charge account which was opened by Mrs. Uulizio." He further testified that he himself had used the account opened by his wife at the Wanamaker store. He also had it extended to an unlimited account.

The trial resulted in a verdict in favor of the plaintiff for $1,668.30, with interest.

In the case of *McCreery* v. *Martin,* 84 *N. J. L.* 626, 629, in this court, it is said, "it is argued, that the tradesman is entitled to assume that the wife has authority to pledge the credit of the husband for necessaries, unless he receives notice to the contrary. This may be conceded, when the husband by his conduct has led the tradesman to believe that the wife has such authority."

So, it is said in *Vusler* v. *Cox,* 53 *N. J. L.* 516,, where a husband and wife are living together, the wife has implied authority to pledge her husband's credit, for articles furnisihed to her for her personal use suitable to the style in which the husband chooses to live. But, when they are living in a state of separation, the presumption is against the authority of the wife to bind the husband by her contract; to this rule, however, there are exceptions, one of which is, when a husband and wife separate and live in a state of separation by mutual consent, without any provision for her maintenance, or means of her own for her support. To the same effect are *Strawbridge* v. *Sigle,* 73 *Id.* 419; *Feiner* v. *Boynton,* 73 *Id.* 136.

The ground of the liability of the husband for necessaries furnished the wife is his neglect or failure to perform his legal duty, arising from the marriage relation, to supply his wife with necessaries, and, in cases of necessity, the law constitutes her his agent with authority to pledge his credit. *Dolan* v. *Brooks,* 168 *Mass.* 350; 13 *R. C. L.* 1199, § 231.

Many cases illustrating the extent and limits of the rule will be found collected in 30 *Corp. Jur.* 589, § 124; 13 *R. C. L.* 1198, § 230 *et seq.* The liability of the husband extends to articles which would ordinarily be necessary and suitable in view of the rank, position, fortune, earning capacity and mode of living of the husband. 30 *Corp. Jur.* 601, § 141; 13 *R. C. L.* 1207, § 240. This is usually a question of fact for the jury. 13 *R. C. L.* 1208, § 241.

No case that we have found is precisely in point on the facts.

The trial judge, however, in his charge to the jury left the jury free to find certain facts on which to apply the legal rules above stated, to which there was an exception noted to one passage in the charge. The trial judge first stated with accuracy the rules under which the husband would be liable for necessaries furnished the wife when they were living together and when in a state of separation, then he asked the jury to determine five questions:

First. Were Mr. and Mrs. Ulizio living together as man and wife in January, 1922, when the account was opened?

Second. Was the account opened by Mrs. Ulizio with the knowledge and consent of Mr. Ulizio?

Third. Did Mr. Ulizio agree to pay his wife $25 per week and to furnish her with clothes and wearing apparel twice a year in addition to that sum?

Fourth. Were the goods purchased by Mrs. Ulizio articles for personal use suitable to the style in which the husband had chosen to live?

Fifth. Did Mr. Ulizio furnish his wife the necessaries suitable to the style in which he had chosen to live, or with money sufficient to enable her to purchase them for herself?

The passage of the charge, to which exception was noted, is as follows: "I call your attention to the question, because if that account was opened by Mrs. Ulizio in her husband's name with his consent and knowledge, I think you would be entitled to infer from that fact that it was his intention that she should use that account. and to some extent an implied authority was conferred upon the plaintiff to extend her credit upon his name. You, however, are to be the judges of the evidence."

This, we think, was not error, as applied to the facts of the case, when read in connection with the legal rules stated by the court.

This is the only point which has any legal merit brought up by the appeal.

The judgment of the Supreme Court is therefore affirmed, with costs.

*For affirmance*—The Chief Justice, Trenchard, Parker, Minturn, Kalisch Black, Katzenbach, Campbell, Lloyd, White, Gardner, Van Buskirk, McGlennon, Kays, JJ. 14.

*For reversal*—None.