McQUAY ET AL., RESPONDENTS, *v.* McQUAY, APPELLANT.

(No. 6,538.)

(Submitted November 27, 1929. Decided February 1, 1930.)

[284 Pac. 532.]

536

*Mr. R. F. Gaines* and *Mr. A. G. Shone,* for Appellant, submitted a brief; *Mr. Shone* argued the cause orally.

*Mr. T. J. Davis* and *Mr. John K. Claxton,* for Respondents, submitted a brief; *Mr. Claxton* argued the cause orally.

MR. JUSTICE FORD delivered the opinion of the court.

On January 29, 1929, plaintiffs filed their complaint to recover from defendant the sum of $839, with interest, alleged

to be the reasonable value of medical and surgical attention and hospital care provided defendant's wife during her last sickness and for funeral expenses. At the time of filing the complaint, plaintiffs caused a writ of attachment to issue and be levied upon certain funds belonging to defendant. On February 11, 1929, defendant filed a motion to discharge the attachment on the ground that plaintiffs' cause of action was not based upon a contract, express or implied, for the direct payment of money, as provided for by section 9256, Revised Codes of 1921. On February 23, and before the hearing on defendant's motion to discharge the writ of attachment, plaintiffs filed an amended complaint containing seven causes of action. The first cause of action, which is identical with the others, except the seventh cause of action, and save as to the character of the services rendered defendant's wife and the amounts claimed to be due, alleges, in substance, that defendant and Bridget McQuay intermarried on July 25, 1897, and continued as husband and wife to the date of her death; that during the month of December, 1927, Bridget McQuay suffered a broken limb, and, as a result thereof, medical and surgical treatment and hospital care were required for her; that St. James Hospital, a corporation, furnished hospital care and attention, including a room in the hospital, of the reasonable value of $228, which defendant failed and refused to pay, and that, prior to the commencement of the action, St. James Hospital assigned and transferred the claim to plaintiffs.

The motion to dissolve the attachment was denied, and defendant appeals from the order. The only question presented for determination is whether a writ of attachment may issue in an action of this character.

Under the provisions of section 9256, supra, a writ of attachment may issue only in an action upon a contract, express or implied, for the direct payment of money, where payment is not secured by mortgage, lien or pledge, or, if originally secured, such security has become valueless without any act of the plaintiff or the person to whom the security was given.

Section 5784, Id., imposes upon the husband the duty of supporting the wife out of his own property or by his labor,

while section 5800, Id., provides that, if he neglects to make adequate provision for the support of his wife, any other person may in good faith supply her with articles necessary for her support and recover the reasonable value thereof from the husband. Where a husband is abandoned by his wife, he is not liable for her support unless she was justified by his misconduct; nor is he liable when she is living separate from him by agreement, unless such support is provided for in the agreement. (Sec. 5801, Id.)

It is not questioned, and could not well be, that the services rendered by the respective parties named in the amended complaint are such as bring them within the classification of articles necessary for the support of defendant's wife within the meaning of the statute.

Both at common law and by statute the husband is primarily liable for necessaries suitable to his circumstances and condition in life, furnished the wife. Where the husband fails or refuses to provide such necessaries, she may, while living with him or while living separate from him due to his misconduct, bind him by her contracts with third persons for such necessaries. (Sec. 5801, supra; 30 C. J. 589.)

The basis of the liability of the husband for necessaries furnished his wife is his failure or refusal to perform his legal and moral duty, arising from the marital relation, and under such circumstances the law creates an implied agency on the part of the wife, which authorizes her to bind him (*Grimstad* v. *Johnson*, 61 Mont. 18, 25 A. L. R. 351, 201 Pac. 314), even against his will. His consent is implied by reason of this relation, and the wife can bind him to pay for such things as are necessary for her support. (*Wanamaker* v. *Ulizio*, 102 N. J. L. 166, 130 Atl. 555; *Carr* v. *Anderson*, 154 Minn. 162, 26 A. L. R. 557, 191 N. W. 407; *Werner* v. *Werner*, 169 App. Div. 9, 154 N. Y. Supp. 570; *French* v. *Burlingame*, 155 Mo. App. 548, 134 S. W. 1100; *Moore* v. *Rose*, 130 Mo. App. 668, 108 S. W. 1105; *Crosby* v. *Harris & Co.*, (Tex. Civ. App.) 234 S. W. 127; *Pool* v. *Everton*, 50 N. C. 241; *Allen* v. *Rieder*, 41 Pa. Super. Ct. 534; *Pierpont* v. *Wilson*, 49 Conn. 450;

*Phillips* v. *Sanchez*, 35 Fla. 187, 17. South. 363; *McFerren* v. *Goldsmith-Stern Co.*, 137 Md. 573, 18 A. L. R. 1125, 113 Atl. 107; *Dolan* v. *Brooks*, 168 Mass. 350, 47 N. E. 408; *Raynes* v. *Bennett*, 114 Mass. 424.) Many other cases illustrating the extent and limits of the rule will be found collected in 30 C. J. 589 and 13 R. C. L. 1198 et seq.

The wife having authority, granted her by our statutes, to pledge defendant's credit for necessaries, her contracts for such necessaries are his contracts, and the obligations arising thereunder in furnishing the same are his obligations. (*Benjamin* v. *Dockham*, 134 Mass. 418; *Werner* v. *Werner*, supra.)

It is contended that it is a general rule that, whenever defendant's liability to plaintiff arises purely from statute, it is not regarded as a demand on which an attachment will issue under our statute. *Butler* v. *Peters*, 62 Mont. 381, 26 A. L. R. 560, 205 Pac. 247, is cited in support of this contention. The decision in that case correctly states the law, but in our opinion the rule announced is not applicable here. We are of the opinion that the debts created by the wife, as the husband's agent, for necessaries, which it is alleged he failed, neglected and refused to furnish, are not statutory, but are analogous to those in the ordinary case of principal and agent. In other words, under such circumstances the law constitutes the wife the husband's agent, with authority to bind his credit for such necessaries. The agency is statutory, but the obligations arising thereunder are contractual. This being true, there is a contract for the direct payment of money, which is unconditional as to time, amount and the person by whom and to whom it is to be paid, within the rule announced by this court in *Square Butte State Bank* v. *Ballard*, 64 Mont. 554, 210 Pac. 889, and *Gilna* v. *Barker*, 78 Mont. 343, 254 Pac. 169.

It follows that the first six causes of action as set forth in the amended complaint are based upon contracts "express or implied, for the direct payment of money," within the meaning of section 9256, supra.

The seventh cause of action alleges that Sam R. White attended the remains of Bridget McQuay after her death

and prepared the same for burial, and in connection therewith furnished a casket and other funeral services necessary and essential to the proper interment of the body, that the claim has been assigned to plaintiffs, and that defendant has failed, neglected and refused to pay the same; recovery is sought for the reasonable value of the services rendered. The motion to discharge the writ of attachment was directed against the writ in its entirety, and, since we have determined that the writ was properly issued upon the other causes of action set forth in the amended complaint, whether attachment lies upon claims of this character is not necessary for decision. (*Wilson* v. *Barbour*, 21 Mont. 176, 53 Pac. 315.)

We express no opinion as to the sufficiency of the complaint; ▮ our inquiry goes no further "than to ascertain whether the action is upon a contract, express or implied, for the direct payment of money; whether it states facts sufficient to constitute a cause of action against the defendants; and, if it does not, whether it can be amended so as to state a cause of action. * * * A mere defective statement of a cause of action is not a sufficient ground for the discharge of an attachment." (*Union Bank & Trust Co.* v. *Himmelbauer*, 56 Mont. 82, 181 Pac. 332, 335.)

For the foregoing reasons the order is affirmed.

MR. CHIEF JUSTICE CALLAWAY, MR. JUSTICE MATTHEWS and HONORABLE C. W. POMEROY, District Judge, sitting in place of MR. JUSTICE GALEN, absent on account of illness, concur.

MR. JUSTICE ANGSTMAN, Dissenting: The original complaint in this action contained an allegation that the husband and wife were not living together as such at the time she sustained injuries resulting in the necessity of receiving medical attention. That complaint apparently was attempted to be drawn under section 5801, Revised Codes 1921. It failed to allege the reason why they were not living together, and it did not allege that they were living separate and apart by virtue of an agreement stipulating for her support. The amended complaint, however, is treated by the parties and by the

majority opinion as one seeking recovery under section 5800. This section provides: "If the husband neglect to make adequate provision for the support of his wife, except in the cases mentioned in the next section, any other person may in good faith supply her with articles necessary for her support and recover the reasonable value thereof from her husband."

The precise question presented is: Is the cause of action one "upon a contract, express or implied, for the direct payment of money," justifying an attachment under section 9256, Revised Codes 1921?

It should be kept in mind that this is not an action by the wife against the husband to compel the discharge of the obligation of support. The plaintiffs here are assignees of the persons furnishing the necessities; they stand in the shoes of those furnishing the articles for the wife's support. Were the action one by the wife to compel performance of the duty of support, it might even then be doubted whether the obligation is one arising from contract, express or implied, for the direct payment of money.

In 30 C. J. 517, it is said: "The duty of the husband to support the wife is not dependent upon contract." The court of chancery of New Jersey, in *Boehm* v. *Boehm*, 88 N. J. Eq. 74, 101 Atl. 423, 424, declared that "the duty of a husband to support his wife is not a duty dependent upon contract; that duty flows from the matrimonial status." The nature of the obligation is well stated in *Fisher* v. *Drew*, 247 Mass. 178, 30 A. L. R. 798, 141 N. E. 875, 876, as follows: "His liability is based on the obligation to fulfill 'what law and duty require him to do, and which he neglects or refuses to do for himself.' (*Cunningham* v. *Reardon*, 98 Mass. 538, 539, 96 Am. Dec. 670; *Raynes* v. *Bennett*, 114 Mass. 424; *Vaughan* v. *Mansfield*, 229 Mass. 352, 118 N. E. 652. See *McCreery* v. *Martin*, 84 N. J. L. 626, Ann. Cas. 1915A, 4, 47 L. R. A. (n. s.) 279, 87 Atl. 433.) The authority has been said to create a 'compulsory agency.' (*Benjamin* v. *Dockham*, 134 Mass. 418.) The husband is bound 'even against his will' and his 'consent is conclusively implied.' (*Alley* v. *Winn*, 134 Mass. 77, 79, 45 Am. Rep. 297.) Gener-

ally the power exists only in cases of necessity. The obligation is one imposed by law and exists even if a husband has no full contractual capacity, as where he is a minor or insane. (*Butler* v. *Breck*, 7 Met. (Mass.) 164, 39 Am. Dec. 768; *Jordan Marsh Co.* v. *Hedtler*, 238 Mass. 43, 130 N. E. 78; *New York Trust Co.* v. *Brewster*, 241 Mass. 155, 160, 134 N. E. 616; *Read* v. *Legard*, 6 Exch. 636.) The one who seeks relief commonly must show either an express contract or facts creating a liability by implication of law.''

In *Goelitz Co.* v. *Industrial Board of Illinois*, 178 Ill. 164, 115 N. E. 855, 858, it is said: ''The duty to support his wife is imposed by law on the husband.'' The obligation, it has been held, is not a debt, because it does not arise by contract, express or implied. The supreme court of Pennsylvania, in *Re Moorehead's Estate*, 289 Pa. 542, 52 A. L. R. 1251, 137 Atl. 802, 806, in speaking of this, said: ''These are accordingly primal obligations under the marriage relation imposed immemorially upon the husband, and which do not fall within the range of the nature or the meaning of a debt. Every debt of course is an obligation, but every obligation is not a debt. (*Sonnesyn* v. *Akin*, 12 N. D. 227, 97 N. W. 557.) A debt is a sum of money due by contract, express or implied. But a tax is not a debt. It is not founded upon contract. It does not establish the relation of debtor and creditor between the taxpayer and the state. (*Perry* v. *Washburn*, 20 Cal. 318.) When an alien secures citizenship it becomes his duty to support and protect the commonwealth as far as possible. But he has made no contract to that effect. Similarly the duty of a husband to provide for and protect his family becomes a duty upon his marriage, a fundamental duty, not a debt.''

But whatever may be the nature of the obligation as between the wife and her husband, that question is not involved here. This is an action by the assignees of the persons who furnished the necessities. The question here presented is this: Is the obligation of the husband to third persons who have furnished necessaries for the wife one on contract, express or implied, for the direct payment of money?

Here the complaint is not predicated upon a contract made with the husband. Neither is recovery sought by reason of any agency of the wife, either actual or ostensible. The person furnishing the supplies, in order to have any standing in court, must point to the statute fixing the liability. The statutes were intended by the legislature to cover the whole subject of the rights, duties and obligations of the husband and wife and to supplant all rules theretofore in force on the subject. (*Grimstad* v. *Johnson,* 61 Mont. 18, 25 A. L. R. 351, 201 Pac. 314.) The third person furnishing the necessities must of necessity, under the facts here, base his right to recover the reasonable value upon the statute. As said in *Fitzmaurice* v. *Buck,* 77 Conn. 390, 59 Atl. 415, 416, "the action is plainly one brought under the statute. The complaint is inappropriate to any other cause of action."

A case possessing similar features is that of *Wilson* v. *Harvey,* 52 How. Pr. (N. Y.) 126, where the court held that the liability of children to support their indigent parents imposed by statute was not an obligation arising on "contract, express or implied," for which an attachment would lie, but that the liability rested "wholly upon the statute."

But it is asserted in the majority opinion that the statute merely makes the wife the agent of her husband for the purpose of binding him for the necessities of life. If this is the proper effect to be given to the statute, I am unable to see how it aids the plaintiffs' case. The agency, if such it be, is one created by statute, and any obligation incurred by or arising out of such an agency would, in my opinion, still be an obligation imposed by law. But to construe section 5800 as creating an agency is altogether too narrow a construction to be placed upon the words used by the legislature. The statute makes no reference to an agency. It makes the husband liable to the third person regardless of the consent of either husband or wife. To illustrate: If the wife is mentally incompetent or sustains an injury rendering her unconscious, she is then unable to contract either for herself or as the agent of her husband, and yet it cannot be said that the husband would

not be liable for medical attention and other necessities furnished to her by third persons, if the other conditions named in the statute existed. The conclusion is inescapable that the person furnishing the necessities must base his cause of action against the husband, under the circumstances here presented, upon the statute. This being the case, the obligation is one imposed by law and not by "contract, express or implied, for the direct payment of money. In *Butler* v. *Peters,* 62 Mont. 381, 26 A. L. R. 560, 205 Pac. 247, 249, which was an action against a director of a corporation to recover an indebtedness incurred by the corporation while he was such director, and in which liability was sought to be fixed against him by reason of his failure to file the annual report required by law, Mr. Justice Holloway, speaking for the court, said: "He is required to respond, not because he agreed to do so, but solely because the statute imposes upon him the duty to pay, and when the law imposes such a duty it is idle to say that a contract to pay is implied." In that case the following statement from 1 Page on Contracts, section 12, was quoted with approval; "A liability imposed by statute and not assumed by the voluntary agreement of the parties is not a contract, even if it is a liability on which the action of debt could have been maintained at common law." In conclusion, the court in the *Butler Case* said: "It is the general rule that, whenever defendant's liability to plaintiff arises purely from statute, it is not regarded as a demand on which an attachment will issue under statutes such as our sections 9256, 9257, above (6 C. J. 88)."

But if by any possible construction of the statute it may be held to impose a contractual obligation, still it is not one on which an attachment may issue. This court has held that the contract for the direct payment of money, in order to justify an attachment, must be an unconditional one. (*Gilna* v. *Barker,* 78 Mont. 343, 254 Pac. 169; *Square Butte State Bank* v. *Ballard,* 64 Mont. 554, 210 Pac. 889.) Here the obligation of the husband to third persons furnishing necessaries for the wife is subject to the following conditions: First, that the

husband has neglected to make adequate provision for the support of his wife; second, that the person supplying the articles necessary for the support of the wife must have done so in good faith; third, that the wife has not abandoned her husband, or, if so, that she has either offered to return or was justified in abandoning him because of his misconduct; fourth, that they were not living separate and apart by agreement, or, if so, that the agreement stipulated for her support. (Secs. 5800, 5801, Rev. Codes 1921.)

In my opinion, the cause of action here involved is not on a "contract, express or implied, for the direct payment of money," and that an attachment will not lie. There seems to be no good reason why such obligations should not be made attachable, but that is a question which addresses itself to the legislature and not to the courts.

The motion to discharge the attachment should have been sustained.