KATE MYERS BOEHM

*v.*

EUGENE BOEHM.

[Submitted June 18th, 1917. Determined June 22d, 1917.]

1. The duty of a husband to support his wife is not dependent upon contract, but flows from the matrimonial status.

2. The right of spouses to contract touching the discharge of the matrimonial duty of the husband to support his wife cannot be regarded as unrestricted.

3. Where a wife had been awarded by decree of this court separate maintenance which she had been unable to collect, and a large amount was in arrears, and she made a written settlement with her husband for $750 which purported to be a release of all accrued and future liability for support, but which the wife testified she did not understand, the settlement was held to be no bar to the wife's right to an allowance under the existing circumstances of the case.

On final hearing on bill for maintenance.

*Thompson & Smathers,* for the complainant.

*Garrison & Voorhees,* for the defendant.

LEAMING, V. C.

Complainant's bill has been filed pursuant to the provisions of the twenty-sixth section of our Divorce act and prays for an order to compel complainant's husband to provide for her and her minor daughter suitable support and maintenance.

The defence which has been made by defendant is based upon the claim that a decree which was heretofore entered in this court in a similar suit requiring defendant to pay to complainant $10 per week for her support has been satisfied and discharged by a settlement made by the parties, in which settlement defendant paid to complainant an agreed gross amount in full satisfaction of all past and future claims of complainant upon defendant for her support.

The evidence discloses that on November 22d, 1904, a decree of this court was entered in behalf of complainant against defendant as complainant's husband requiring defendant to pay to complainant for her support and maintenance $10 per week thereafter until further order of the court. That decree was made under and pursuant to the provisions of the section of the Divorce act then in force, the provisions of which were similar in terms to the section under which relief is now sought. Great difficulty appears to have been experienced by complainant in the enforcement of that decree until May 25th, 1907, when the settlement, already referred to, was made. On that date complainant and defendant executed a formal written agreement

by the terms of which they agreed to live separate and apart during the remainder of their lives and complainant agreed to accept $750 in full satisfaction of all claims, past and future, upon her part against her husband for support. The agreement was directly between the parties, without the intervention of a trustee; the money was paid and the agreement signed and acknowledged by both parties before an acknowledging officer and recorded, and the decree was then discharged of record by complainant's then solicitor.

Complainant now testifies that when she signed the agreement it was her understanding that it was only in satisfaction of back alimony then due under the decree, and that she did not know that the agreement exempted defendant from the payment of future alimony or in any way conferred upon him the right to live separate and apart from her. Opposed to that testimony is that of the solicitor who then represented complainant and who took the acknowledgment; he has testified that the full purport of the agreement was explained to complainant by him when he took her acknowledgment, and that she fully understood it.

It is difficult to determine at this time with entire certainty whether complainant adequately understood the terms and effect of that agreement at the time she signed it. She is a woman without education and with an intensely dense perception. It is possible that a careful and painstaking explanation to her of the contents of the agreement and its purpose and effect could have adequately apprised her of the exact nature and force of her engagement; but it is reasonably clear that less than that could not have accomplished that purpose. The settlement was negotiated by the solicitors and the written agreement was prepared by them for their clients. Alimony to a considerable amount was admittedly then overdue, and from complainant's viewpoint even more was overdue than the amount that at this time appears to have been then overdue, as complainant had not received certain money which had been paid by defendant to her former solicitor. Great difficulty had been encountered by complainant in the various efforts which had been made to enforce payments under the court decree and complainant had

appropriately become greatly discouraged in her litigation. These discouragements had led her to employ a new solicitor to represent her, and the attendant circumstances were such as to render it entirely natural and reasonable that complainant would have wholly relied upon the advice of the solicitor then representing her in signing the agreement without real effort on her part to comprehend the exact nature of the agreement further than to ascertain that money was to be paid to her. Her assumption that the money to be paid to her was "back alimony" is far from unreasonable under all the circumstances unless great care was exercised at the time to satisfy her to the contrary. The same may be said with equal or greater force as to the provisions of the agreement which were designed to release defendant from future liability, including the provisions for the parties to live apart; unless those provisions were at that time explained to complainant with more care than is ordinarily observed by an acknowledging officer it is not reasonable to assume that they were adequately comprehended by complainant in their force and effect. The nature of the settlement and complainant's limited mentality and the other circumstances leading to and surrounding the settlement peculiarly demanded that complainant should receive not only accurate information touching the amount then due to her for back alimony but also sound counsel touching the effect of the instrument on her future rights, and also that such information should be imparted to her in a manner suitable to her limited powers of comprehension.

But in the view which I entertain of the present situation, I think it unnecessary to here determine whether the written agreement of May 25th, 1907, was executed by complainant without an adequate understanding of its terms or effect, or whether, as claimed by the solicitor of complainant, agreements of that nature are so far contrary to the policy of our laws as to render them void, for I am unable to reach the conclusion that the transaction is in any aspect operative as a bar to complainant's right to exact from defendant support for herself and her daughter at this time.

The duty of a husband to support his wife is not a duty dependent upon contract; that duty flows from the matrimonial status. The law casts upon the court of chancery the duty of enforcing that matrimonial obligation of a husband in certain circumstances. The language of our statute under which the present bill is filed is that

"in case a husband, without any justifiable cause, shall abandon his wife or separate himself from her, and refuse or neglect to maintain and provide for her, it shall be lawful for the court of chancery to decree and order such suitable support and maintenance, to be paid and provided by the said husband for the wife and her children, or any of them, by that marriage, or to be made out of his property, and for such time, as the nature of the case and circumstances of the parties render suitable and proper in the opinion of the court, and to compel the defendant to give reasonable security for such maintenance and allowance, and from time to time to make such further orders touching the same as shall be just and equitable."

In the former suit brought by this complainant this court accordingly adjudged that defendant had without justifiable cause abandoned complainant and refused to support her, and the decree then entered required defendant to pay to her $10 per week until further order of the court for her support. In that situation, and with payments under the decree in default to a large amount, it is claimed by defendant that complainant voluntarily accepted $750 as a gross amount in full discharge of all past and future obligations of defendant for her support and thus absolved defendant from all future duties of that nature. If a husband can thus absolve himself from the duty of support for all time it is obvious that this court is rendered powerless to perform the duty imposed by the act above quoted, for that act clearly contemplates the enforcement of periodical payments for the support of the wife, based upon her needs as they may from time to time exist and upon the husband's ability to pay and that such payments shall be modified in amount from time to time according to circumstances arising from changing conditions. The language of the act as above quoted is essentially similar to that of the preceding section for the recovery of alimony in a suit for divorce, and that section has been held to contemplate only periodical payments and not to

justify an order for payment of an amount in gross. *Calame* v. *Calame, 25 N. J. Eq. 548; Lynde* v. *Lynde, 54 N. J. Eq. 473.* In the latter case it is said: "Her right to support and maintenance continues so long as it is just that she shall retain it. It is co-extensive with the husband's position and ability. His ability and the justice of her enjoyment of her right are subject to change of circumstances which the court cannot anticipate, and hence complete justice requires that the court's power to act shall be kept open so long as it may be needed to direct just variation." *S. C. affirmed, 55 N. J. Eq. 591.* It thus appears that if a payment to a wife of a sum in gross can be agreed upon by a husband and wife in final discharge of a husband's future obligation of support the parties are not only enabled to discharge by stipulation the performance of an existing and permanent matrimonial duty of the husband in a manner which the court could not authorize with the parties before it, but in a manner that obviously defeats or tends to defeat the primary purpose of the statute to protect the wife from future want.

But while the right of spouses to contract touching the discharge of this matrimonial duty of the husband cannot be regarded as unrestricted, I think it unnecessary to here determine that all such agreements are void or should be wholly disregarded; a settlement upon a wife of a fixed and certain income for her life would accomplish the purposes of the act in so far as the income should be found adequate, and the payment of a gross amount might in some circumstances be treated as relieving a husband from his obligation of support to whatever extent should be found just under the circumstances. But where, as here at this time, the wife comes before the court in a destitute condition and the husband claims as a bar to his liability a settlement for $750 of a decree under which there would at this time have been paid over $5,000 had the decree been complied with, I think it clear that the payment so made by him by way of settlement of future liability must be wholly disregarded. Aside from any question of public policy which may be involved, the money which was paid in settlement of

future liability was in amount obviously too unreasonable and unjust to afford a bar at this time in a case of this nature.

Nor am I able to give any force to the provisions of the settlement agreement providing that defendant may live separate and apart from his wife. At the time that agreement was signed he was a deserter of his wife, and so adjudged by the court decree then existing. His continued absence from her has not been in the slightest degree occasioned or influenced by any consent upon his wife's part to that effect. No proffer on his part has been made at the hearing or at any other time to live with his wife or to support her at his home or elsewhere. His sole defence is that the settlement agreement has absolved him from the duty of support.

Complainant's long delay since the settlement in seeking the aid of this court has in no way arisen from any understanding on her part that she had by any agreement or settlement discharged her husband from liability for future alimony or had in any way agreed that he should be privileged to live separate from her. At all times since the $750 was paid her conduct has been consistent with her belief that the payment which was made was of back alimony. Since that time she has been persistently going from attorney to attorney without success seeking one who would enforce her claim. Finally an appeal to the chancellor secured for her a solicitor and this suit is the result.

The former suit and decree was for complainant's support and did not include the support of complainant's daughter. The settlement agreement did not by its terms exonerate defendant from liability for the support of the daughter. This suit seeks a decree compelling defendant to contribute to the support of both complainant and their daughter who resides with complainant. The evidence discloses that defendant's pecuniary resources are at the present time considerably less than when the former decree was entered. He is, however, in my judgment, well able to pay $5 per week. That amount is an appropriate amount for him to pay for the support of the daughter alone, but I do not feel justified in ordering payment of more than that amount in view of defendant's present pecuniary condition.

I will accordingly advise a decree requiring defendant to pay $5 per week for the support of complainant and his daughter, and also an aggregate counsel fee for complainant's counsel of $50.