JUNE TERM, 1922. 155 .

98 *N. J. L.*    Jersey City v. Brooklyn East. Dist. Term.

MAYOR AND ALDERMEN OF JERSEY CITY, RESPONDENT,
v. BROOKLYN EASTERN DISTRICT TERMINAL ET AL.,
APPELLANTS.

Submitted July 10, 1922—Decided November 20, 1922.

By chapter 596 of the laws of 1872 certain lands under the water of
New York bay were ceded by the state to the city of Jersey City.
The lands consisted of a strip of land called the "Tidewater
Basin," immediately in front of another tract, which was also
granted to the municipality by the same act. *Held*, that the
right of the municipality to the possession of the Tidewater Basin
is fixed by a decision of this court in the case of *Jersey City* v.
*Hall*, 79 *N. J. L.* 559, and that the basis of that decision is
that the duty of regulation and supervision of the land ceded by
the state requires a right of possession by the city of Jersey City,
and did not rest at all upon the necessity of the city having con-
trol of the *locus in quo* of this suit in order to have access from
tidewater to the land granted apart from such basin.

On appeal from the Hudson County Circuit Court.

For the appellants, *George Holmes* and *Edwards & Smith*.

For the respondent, *Thomas J. Brogan* and *John Bentley*.

The opinion of the court was delivered by

SWAYZE, J.   This in an action of ejectment for land un-
der the waters of New York bay, a part of the tract de-
scribed in the fifth section of chapter 596 of the laws of 1872.
*Pamph. L., p.* 1356.   The title is the same as was involved
in *Jersey City* v. *Hall*, 79 *N. J. L.* 559.   The land is therein
called the Tidewater Basin.

The case is in fact an attempt to secure a reconsideration
of the points decided in that case.   The only distinction made
between the facts in this case and in that is that in that
case the question was the right of Jersey City to maintain
ejectment for a portion of the Tidewater Basin lying directly

in front of the land granted to the city by the first section of the act of 1872. It seems to be thought that that fact was enough to warrant a different result in this case from the result in the Hall case. An examination of the opinion in the Hall case shows that the case did not in any way turn upon the location of the land sought to be recovered. In that case Justice Voorhees' opinion is on a much broader ground and is well stated in the first headnote: "The act approved April 4th, 1872, evinces the legislative intent to impose the duty of regulation and supervision over the lands ceded as well as the basin dedicated thereby, upon the city of Jersey City." The real basis of the decision is that the duty of regulation and supervision requires a right of possession in the city.

The court did not rest the decision at all upon the necessity of Jersey City having control of the *locus in quo* in order to have access from tidewater to the land granted to it by the state, by section 1 of the act.

No useful purpose would be served by going over the reasoning by which the court justified the result in that case. We agree with the learned trial judge that it requires the result reached at the trial of this case. The judgment must be affirmed, with costs.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK, JJ. 15.

*For reversal*—None.