### SAVAGE v. COMMISSIONER OF INTERNAL REVENUE.

### No. 5868.

Circuit Court of Appeals, Third Circuit.

Feb. 18, 1936.

Colman Gray, of New York City (Theodore Witkin and Philip J. Maron, both of New York City, of counsel), for petitioner.

Frank J. Wideman, Asst. Atty. Gen., and J. Louis Monarch and Berryman Green, Sp. Assts. to the Atty. Gen., for respondent.

Before BUFFINGTON and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge.

The decisive question in this case is whether, by the terms of a trust created by the taxpayer, Lillian Taylor Savage, her former, but now divorced, husband was a "beneficiary." The pertinent statute is section 166 of the Revenue Act of 1928, 26 U. S.C.A. § 166 note, which provides, "Where the grantor of a trust has, at any time during the taxable year, either alone or in conjunction with any person not a beneficiary of the trust, the power to revest in himself title to any part of the corpus of the trust, then the income of such part of the trust for such taxable year shall be included in computing the net income of the grantor"; and Treasury Regulation 74, art. 881, viz., "The term 'beneficiary' as used in this article includes any person entitled to an interest in the income of the principal of a trust, but does not include one having merely a nominal interest in the income or principal."

On the theory that she was not liable for income tax on the income of the trust, the taxpayer made no return of such income on her returns for 1926, 1927, 1928, and 1929, and it was not until her tax return for 1929 was audited that the taxing authorities took the position that the taxpayer was taxable on the income of the trust which she never received.

The facts, which are not disputed, are as follows: In 1909, the taxpayer, then Lillian Taylor, married Russell L. McIntosh. No children were born to them, but in 1918 they adopted two. It appears that the husband contributed from five to seven thousand dollars a year to the support of the family budget. The wife, who had means of her own, contributed the balance of the

$35,000 required. In 1925, marital differences arose, and the couple separated; the husband retaining and taking care of the children and the wife turning over to him certain income bearing securities which enabled him to do so.

Later on their separation resulted in divorce, whereupon the husband demanded a property settlement so that he could retain and keep the securities previously furnished by the wife. This she refused to do, and their different positions resulted in the creation of the trust here involved, with certain additions thereto not pertinent to the present case.

Without spreading the trust agreement on the record, it suffices to say its terms and the actions of the parties thereunder are substantially stated in petitioner's brief as follows: "Under the agreement of May 10, 1926, the income of the trust was payable to the petitioner's husband for the support, maintenance and education of the children until they reached various ages, and thereafter, they were to receive the income for life and part of the principal. If either of the children died leaving issue, the petitioner's husband had the option as to whether the share of the child so dying should be paid to the issue of said child, or to the grantor, her executors or administrators. If either of the children died without issue, he was to redeliver the property to the grantor, her executors, or administrators. In addition, in the event of his death before the death of the children, he was given a power of appointment as to whether the principal shall be paid to the issue of the children, or to the grantor. At his insistence, a further provision was incorporated in the agreement which relieved him from the duty of accounting to anyone for the expenditure of the income. There was also a further provision which restricted the grantor from revoking the trust without the consent of Russell L. McIntosh. The petitioner and her husband were divorced in 1926. They each remarried, she, to one Albert C. Savage. Russell L. McIntosh maintained the children in his own household which also contained his mother and domestic employees. None of the trust income he received was ever accounted for, or returned as unexpended to be added to the principal of the trust."

After full consideration, we are of opinion the Tax Board erred in assessing against the wife the tax on the income of this fund, for her former husband was

very substantially benefited by this trust, it could not be revoked without his consent, it made possible the maintenance of his home and a home for the children, for whom, under the New Jersey statute, he was responsible to the extent of fine and imprisonment. In the words of the Treasury Regulation, he was not "one having merely a nominal interest in the income or principal," and his former wife had not given, in the words of the statute, to herself "alone," but only in conjunction with her former husband, "the power to revest in himself (herself) title to any part of the corpus of the trust." While she may have had no purpose to benefit her husband, yet the course she pursued in her desire to care for the children could not be effected without in fact materially and financially benefiting the custodian of the children.

So regarding, the action of the Tax Board is reversed.