## CLARK v. COMMISSIONER OF INTERNAL REVENUE.

### No. 5920.

Circuit Court of Appeals, Third Circuit.

June 10, 1936.

Paul C. Wagner, Henry A. McCarthy, and Percy H. Clark, all of Philadelphia, Pa., for petitioner.

Berryman Green, of Washington, D. C., Robert H. Jackson, Asst. Atty. Gen., and Sewall Key and L. W. Post, Sp. Assts. to the Atty. Gen., for respondent.

Before BUFFINGTON and THOMPSON, Circuit Judges, and DICKINSON, District Judge.

BUFFINGTON, Circuit Judge.

In this income tax case, by confining our attention to the individual facts of the case and the sole question involved, we avoid discussion of the many and somewhat conflicting decisions based on the individual facts of those cases, which are not those of this case. Now the facts in this case, about which there is no dispute, are these:

Percy H. Clark, the appellant income taxpayer, who lived in Pennsylvania, on December 30, 1924, created an irrevocable trust for each of his eight children and made the Willoughby Company trustee. The latter administered the trust in an account No. 2. The assets of the Willoughby Company, which were 1400 shares of the common stock of the Portland Electric Power Company, were held by it in an account known as No. 1. Clark had had the Willoughby Company incorporated for his own purposes and he owned all of its stock. On October 8, 1929, petitioner wrote the Willoughby Company requesting it to "donate the said stock * * * to my Children's Trust, to be held in Willoughby No. 2 Account and to be administered as part of the assets held under the aforesaid Deed of Trust," and on said day the directors of the Willoughby Company, by resolution, ordered the transfer of said 1400 shares made, and it was done. After ordering this stock transfer made, the directors made no further order. On the same day the Willoughby Company, acting as trustee, sold the stock for an excess over its cost and in its separate income report for each child it returned such profit and thereafter paid the tax thereon.

It further appears, as stated in the government's brief: "The earnings and profits of the Willoughby Company accumulated after February 28, 1913, amounted to $15,029.74 on October 8, 1929. The Commissioner included $15,029.74 in the petitioner's income for 1929 as a dividend for the Willoughby Company." The brief further states that on appeal the Tax Board held "the Commissioner was right in including the above mentioned $15,029.74 in petitioner's income as a dividend from the Willoughby Company."

As appears in the opinion of the Tax Board, "The petitioner controlled the Willoughby Co. It acted solely to accommodate him in making the transfer. He enjoyed the use of the property by having it transferred for his own purposes. This was the use he wanted to make of the property. He would have enjoyed it no more had it been distributed to him directly. The surplus of the corporation was wiped out."

We are of opinion the Tax Board was right in so holding. The earnings and profits, $15,029.74, here concerned belonged to the taxpayer, and, had they been dis-

tributed by the company, would have come to him. But instead of so receiving them, he chose to transfer them to the children's trust. Under Pennsylvania law he was responsible for the minor children's maintenance and support, so that the transfer to account No. 2 correspondingly relieved him of his statutory duty. Such relief made him, to that extent, a beneficiary. Savage v. Commissioner (C.C.A.) 82 F.(2d) 92. After full consideration of all the questions raised, we are of opinion the Tax Board was right, and its action is affirmed.