## Mary A. Cushing, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 83792, 83793. Promulgated October 19, 1938.

*Francis V. Barstow, Esq.*, for the petitioner.
*Philip M. Clark, Esq.*, for the respondent.

### OPINION.

Sternhagen: The Commissioner determined deficiencies in petitioner's income tax of $1,761.04 for 1932 and $7,519.09 for 1933. Several adjustments were made in petitioner's income, only one of which is assailed—the inclusion in her individual income of $18,252.72 for 1932 and $52,409.25 for 1933, which was the income of a trust which she had created in 1930. The facts are contained in a written stipulation.

Petitioner, a resident of Boston, Massachusetts, executed a trust instrument on January 8, 1930, transferring to her mother and a trust company, as trustees, certain securities to hold or sell and invest the proceeds in their discretion. The trustees were, among other provisions, directed:

\* \* \* to pay to [petitioner] in each year a yearly sum at such times as she shall desire. The said yearly sum shall be fixed at $1,000.00 from and after the date of the execution of this instrument, but may be increased at any time or from time to time by instruments in writing signed by [petitioner] and the Trustees and deposited with the corporate trustee. In addition to paying [petitioner] the said yearly sum, the Trustees may at any time or times during [her] lifetime transfer and deliver to her the whole or any part of the principal or income of the trust property as the said [mother] or any successor individual trustee may by writing delivered to the corporate Trustee determine to be for the best interest of the [petitioner] and upon receipt of such writing the corporate Trustee shall join in such transfer and delivery to the extent designated in such writing. And from and after the death of the [petitioner] the Trustee shall hold, dispose of or otherwise deal with the trust property then remaining in their hands as she shall by her last will appoint and in default of such appointment shall transfer, pay over and deliver the same to the person or persons who would then have been entitled to the same had she died intestate a resident of the said Commonwealth and absolute owner of the said property such persons to take according to the statutes.

Section 10 of the instrument provided:

The terms hereof may be altered or amended in any manner by consent of [petitioner] and both Trustees, provided that each Trustee shall execute a cer-

tificate to the effect that in her or its opinion the alteration or amendment shall be for the interest and benefit of [petitioner].

The trust was altered on August 2, 1930, by the grantor with the trustees' consent, to permit the withdrawal of a specific group of securities originally transferred as part of the corpus.

When petitioner created the trust, she resided in Massachusetts, was single, and twenty-one years of age. She has since married and in the years in question had two children living.[1] Her mother was born December 1, 1882; her father died June 19, 1921.

The issue arises under Revenue Act of 1932, sections 166 and 167,[2] and narrows to the question whether petitioner's mother was during the taxable years "a person not having a substantial adverse interest in the disposition of the corpus or income of the trust." The petitioner argues that her mother had a "substantial adverse interest," because (1) under the General Laws of Massachusetts, chapter 273, sections 20–22, she could if destitute demand support of petitioner, which demand she could also implement by an order to the trustees to distribute to petitioner, and (2) she was among the petitioner's intestate successors, which gave her a contingent interest under the General Laws of Massachusetts, chapter 190. The argument, we think, must fail. Both grounds are insufficient to support a finding that the mother had a "substantial adverse interest." Conceding

---

[1] The stipulation omits the fact that there were two children, but it is stated by both parties in their briefs and it may be taken as agreed. If it be insisted that the record omits this fact, then the burden of proof rule must operate to require a similar hypothesis.

[2] SEC. 166. REVOCABLE TRUSTS.

Where at any time during the taxable year the power to revest in the grantor title to any part of the corpus of the trust is vested—

(1) in the grantor, either alone or in conjunction with any person not having a substantial adverse interest in the disposition of such part of the corpus or the income therefrom, or

(2) in any person not having a substantial adverse interest in the disposition of such part of the corpus or the income therefrom,

then the income of such part of the trust for such taxable year shall be included in computing the net income of the grantor.

SEC. 167. INCOME FOR BENEFIT OF GRANTOR.

(a) Where any part of the income of a trust—

(1) is, or in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income may be, held or accumulated for future distribution to the grantor; or

(2) may, in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income, be distributed to the grantor; or

(3) is, or in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income may be, applied to the payment of premiums upon policies of insurance on the life of the grantor (except policies of insurance irrevocably payable for the purposes and in the manner specified in section 23 (n), relating to the so-called "charitable contribution" deduction) ;

then such part of the income of the trust shall be included in computing the net income of the grantor.

(b) As used in this section, the term "in the discretion of the grantor" means "in the discretion of the grantor, either alone or in conjunction with any person not having a substantial adverse interest in the disposition of the part of the income in question."

*arguendo* that the mother had a personal interest which could be recognized as adverse to that of the beneficiary of the trust which she was charged to execute "for the best interest of" such beneficiary, a more remote interest it would be difficult to imagine. The mother's right to support is, so far as the cited Massachusetts statute shows, derived from a penal statute conditioned upon the destitution of the parent, the possession by the child of sufficient means at that time, and his unreasonable neglect or refusal to provide for the parent. The mother's right to intestate distribution is contingent upon her survival of the petitioner, who is 26 years younger, the petitioner's default of testamentary appointment, and the prior death of the two children and all other lineal descendants. Such a remotely possible expectancy is from every practical standpoint less than a substantial interest, even though under the earlier statute it might have constituted the mother a "beneficiary."

The petitioner points to an earlier decision of the Board as to herself involving 1931 to that effect; but the statutory term "not a beneficiary" under the Revenue Act of 1928 was different from the term "a person not having a substantial adverse interest" under the Revenue Act of 1932, now controlling. The statute was deliberately changed so as to exclude a beneficiary "having a very minor interest" [3] from among those who could save the settlor from being taxed on the trust's income. Moreover, in the 1931 proceeding it did not appear that petitioner had any children and hence her mother's interest as a beneficiary in the event of petitioner's intestacy appeared to be far more direct than it can now be said to have been. This is likewise true of the husband's interest in *Jane B. Shiverick*, 37 B. T. A. 454. There the husband-trustee was the one empowered immediately to take the trust income upon the settlor's death, and this was held to be sufficient to justify calling his a substantial adverse interest. If the test be one of degree or quantum, it is plain that the mother's interest here is only technically like the husband's interest there, and can not as truly be called substantial. If the test be whether the interest be not merely technical or legalistic but also valuable, genuine, and capable of measurement, there is no substantial interest here.

The Commissioner's determination is sustained.

*Judgment will be entered under Rule 50.*

---

[3] Senate Finance Committee Report, No. 665, 72d Cong., 1st sess., p. 34,