*Decision will be entered under Rule 50.*

FREDA R. CASPERSEN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 92765. Promulgated October 19, 1939.

*Jackson R. Collins, Esq.*, for the petitioner.
*B. M. Brodsky, Esq.*, for the respondent.

761

## OPINION.

STERNHAGEN: The Commissioner held that the income of the trust of June 3, 1932, was properly taxable to the petitioner under the Revenue Act of 1934, section 167, and the controversy narrows down to the question whether the petitioner's husband is by virtue of subdivision 3 of the instrument a "person not having a substantial adverse interest in the disposition of such part of the income." The amounts actually distributed to the grantor are not in question, since she included them within her income.

The power of the husband with regard to the income remaining after the mandatory distribution to petitioner of $600 each quarter is entirely discretionary, first as to distributing it to blood relatives and then as to distributing it to petitioner. As to the distribution under these powers, the petitioner is without right or control. The power is exclusively in the husband. The income which in the husband's discretion remains undistributed is added to corpus, and the grantor is likewise helpless as to its disposition. Thus the excess income over the grantor's prescribed share is beyond her control and is subject to disposition solely by the husband. Whether under these circumstances alone it could be said that the husband had a substantial adverse interest is a question which we pass in view of the important sentence which follows in the instrument.

Bearing in mind that all of the excess income may in the husband's sole discretion be withheld from blood relatives and from the grantor, it is clear that it may; all be permitted by the husband to be added to the corpus. However, the trust then provides that the husband in his discretion may direct the disposition of such income "for the payment of educational, food, shelter, clothes, medical or other necessary expenses of" his child. This seems to us to give the husband a substantial adverse interest in the disposition of the income, for it enables him without hindrance or accountability to use the income

/for the discharge of his own obligation. By New Jersey law it is clear that the husband is under a duty to support his minor child, *Alling* v. *Alling*, 52 N. J. Eq. 92; 27 Atl. 655; *In re Ganey*, 93 N. J. Eq. 389; 116 Atl. 19; *Savage* v. *Commissioner*, 82 Fed. (2d) 92. Although this duty rests apparently equally upon the child's mother and father, as respondent suggests, that fact does not lessen the duty of the father or detract from the proposition that it exists. Thus the husband had an untrammeled power to use the excess trust income in his own behalf to discharge his personal parental obligation. This was not a remotely possible legal or contingent obligation, as in *Mary A. Cushing*, 38 B. T. A. 948. It was a presently existing obligation inherent in the fact that the child was a minor and, as shown by the evidence, was without sufficient means of support and maintenance. The power to use the income for his child's support gave the husband such a substantial interest in it as to support a disregard of the financial position of his wife and a refusal of any demand or request which she might make for the income or in regard to its use. This we think was an interest adverse to that of the grantor, irrespective of their common interest in the welfare of the child and their apparently harmonious relations, *Savage* v. *Commissioner, supra; Clark* v. *Commissioner*, 84 Fed. (2d) 725; *Jane B. Shiverick*, 37 B. T. A. 454. We find no decision which is sufficiently close to this case to need reconciliation.

The Commissioner was in error in adding to the petitioner's income any part of the trust income in excess of the amounts which in the taxable years were actually distributed to her.

*Decision will be entered under Rule 50.*