## COMMISSIONER OF INTERNAL REVENUE v. CASPERSEN.

### No. 7450.

Circuit Court of Appeals, Third Circuit.

April 1, 1941.

MARIS, Circuit Judge, dissenting.

L. W. Post, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Sp. Asst. to the Atty. Gen., on the brief), for petitioner.

Jackson R. Collins, of New York City, for respondent.

Before MARIS, CLARK, and JONES, Circuit Judges.

JONES, Circuit Judge.

The taxpayer conveyed certain property to her husband, as trustee. By the terms

of the trust agreement,[1] a specified amount of the annual income from the trust estate was definitely payable to the grantor. In the discretion of the trustee, the balance of the income was distributable to the grantor, to relatives of the grantor and her husband, or to the corpus of a trust, by way of accumulations, for the benefit of a minor son of the grantor and her husband.

For the years 1934 and 1935 the balance of the income from the taxpayer's trust (after payments therefrom to her) was distributed by the husband-trustee in part to relatives of himself and his wife and the remaining part to the corpus of the trust for the minor son. The taxpayer returned as income to her from the trust for the two years in question only the payments actually made to her.

The Commissioner of Internal Revenue deemed that the balance of the trust income in excess of the payments made to the grantor was distributable to her "in the discretion of * * * [a] person not having a substantial adverse interest in the disposition of such part of the income," and that it was, therefore, taxable to the grantor under Sec. 167 of the Revenue Act of 1934, c. 277, 48 Stat. 680, 26 U.S.C.A. Int.Rev.Acts, page 727.[2] Accordingly, the Commissioner entered deficiency assessments against the taxpayer for the years in question, reflecting, as also taxable to her, the balance of the trust income. Upon petition by the taxpayer, the Board of Tax Appeals held that the husband-trustee, because of his legal liability for the support of the minor son, had a substantial adverse interest in the disposition of the excess trust income and that the deficiency assessments against the grantor were in error. The pending petition of the Commissioner for a review of the Board's decision followed.

The question here presented may not be answered by concluding simply that the trustee-husband had an interest adverse to his grantor-wife because of his duty to

---

[1] In part here material, the provisions of the trust indenture are as follows: "(3) From the net quarterly income arising from the trust fund hereby created, to pay Firstly, to the said Freda R. Caspersen for and during such time as the said Olaus W. Caspersen, her said husband, shall live, the sum of Six hundred ($600.00) dollars every three months, provided, however, that she shall during such time remain the wife of said Olaus W. Caspersen, and Secondly, to pay out of the remaining balance, after the aforesaid payment, to any blood relative or relatives of the said Freda R. Caspersen and Olaus W. Caspersen at such time, in such amounts, and to such person as in the sole judgment of said Trustee, Olaus W. Caspersen, he shall choose and deem best or proper, to aid them in meeting their necessary living expenses, and Thirdly, any unexpended income remaining after the aforesaid payments in the discretion of and during trusteeship of Olaus W. Caspersen may be paid in whole or in part to the said Freda R. Caspersen or if not paid at the close of the calendar year, shall Fourthly, be added to the corpus of the trust and shall be reflected in a special account on the books of the trust. Such amount as may be accumulated as evidenced by this account may be distributed in the discretion of Olaus W. Caspersen, during his trusteeship only, for the payment of educational, food, shelter, clothes, medical or other necessary expenses of any child or children of Olaus W. Caspersen and Freda R. Caspersen or any issue of such child."

[2] Sec. 167 of the Revenue Act of 1934 provides as follows: "(a) Where any part of the income of a trust—

"(1) is, or in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income may be, held or accumulated for future distribution to the grantor; or

"(2) may, in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income, be distributed to the grantor; or

"(3) is, or in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income may be, applied to the payment of premiums upon policies of insurance on the life of the grantor (except policies of insurance irrevocably payable for the purposes and in the manner specified in section 23(o), relating to the so-called 'charitable contribution' deduction);

then such part of the income of the trust shall be included in computing the net income of the grantor.

"(b) As used in this section, the term 'in the discretion of the grantor' means 'in the discretion of the grantor, either alone or in conjunction with any person not having a substantial adverse interest in the disposition of the part of the income in question.'"

support their minor son to whose use the trustee in his discretion could devote the excess trust income. It is not sufficient that the trustee have merely an adverse interest. Sec. 167 of the Revenue Act of 1934 specifically requires that it be a substantial adverse interest. It was therein, we believe, that the Board of Tax Appeals primarily fell into error. In our opinion the Board failed to ascribe to the word "substantial" the import which its considered use in the statute demands, and thereby, the Board treated as substantial an interest which was not only lacking in substance but which was no more than technically adverse. Legally, as well as in reality, the interest was one in common to both husband and wife as we shall hereinafter point out.

It is of course true that, under local law, a father is under a duty to support his minor children. In re Ganey, 93 N.J.Eq. 389, 394, 116 A. 19, affirmed by the Court of Errors and Appeals, 94 N.J.Eq. 502, 119 A. 925, on the Vice-Chancellor's opinion. And in that sense, his right as trustee to use the excess trust income to augment the corpus of the separate trust for the minor son's benefit[3] constitutes an interest which is adverse in legal contemplation.

But, was the interest adverse under the facts and the law of this case? We think not. It was certainly no more adverse as a motivating influence in the trustee's permissible disposition of the income to the son's trust than it would have been had he distributed it to his wife (the grantor). As husband, he was also liable under local law for the support of his wife. Sobel v. Sobel, 99 N.J.Eq. 376, 378, 379, 132 A. 603; Boehm v. Boehm, 88 N.J.Eq. 74, 78, 79, 101 A. 423. And, it must be borne in mind that, under the trust agreement, the grantor (wife) was a possible distributee of the whole of the trust income. So far, then, as the trustee's interest in disposing of the trust income in relief of his personal liability was concerned, he had no stronger impelling reason to devote the excess income to the son's use than he had to distribute it to his wife. But the husband's disposition of the income in what could be the discharge, pro tanto, of his countervailing duty to support the grantor, would work a flow of the income to the grantor from the trust created by her for which she would be taxable. The interest, therefore, lacked the adversary nature, which the Revenue Act contemplates, so far as its effect upon the grantor was concerned. See Loeb v. Commissioner of Internal Revenue, 2 Cir., 113 F.2d 664, 666; Fulham v. Commissioner of Internal Revenue, 1 Cir., 110 F.2d 916, 918.

The non-adverse character of the trustee's interest is further apparent. The grantor as mother of the minor beneficiary and possessed of a substantial separate estate and income, was also liable under local law for the minor son's support. Alling v. Alling, 52 N.J.Eq. 92, 97, 98, 100, 27 A. 655; Osborn v. Allen, 26 N.J.L. 388, 391. Hence the trustee's disposition of any of the excess income to the use of the minor son operated, from a legal standpoint, to serve an interest of the grantor (mother) equally with that of the trustee (father). The interest of the trustee in distributing income for the son's benefit was therefore not adverse to that of the grantor in the sense contemplated by Sec. 167 of the Revenue Act of 1934. As was said by the Board of Tax Appeals in Cushing v. Commissioner, 38 B.T.A. 948, 950, with respect to the amendment in the 1932 Revenue Act (later Sec. 167 of the Act of 1934),—"The statute was deliberately changed so as to exclude a beneficiary 'having a very minor interest' from among those who could save the settlor from being taxed on the trust's income."[4] The interest of the trustee, growing out of the duty to support the minor son (which he shared alike with the grantor), if it motivated the exercise of his discretion at all, and his duty to support the wife as well invited a distribution of the income favorable, and not adverse, to the grantor. These facts distinguish the present case from Savage v. Commissioner, 3 Cir., 82 F.2d 92 and Clark v. Commissioner, 3 Cir., 84 F.2d 725.

But even if the interest of the trustee because of his duty to support the minor son was not offset by the grantor's like duty or by the trustee's further duty to support the grantor, still the trustee's interest was unsubstantial as a motive to induce him to distribute income other than as desired by the grantor-wife. For the

---

[3] The taxpayer provided in her trust agreement that the trustee could use the excess income "for the payment of educational, food, shelter, clothes, medical or other necessary expenses of" the minor son.

[4] See Senate Report No. 665, 72nd Congress, 1st Session, pp. 34–35.

two years here in question (1934 and 1935) the wife had an annual income of $56,000 and $25,000, respectively, exclusive of the excess trust income here involved, while for the same years the husband's income was roundly $40,000 and $51,000, respectively. The son had a separate estate consisting of several thousand dollars in a bank account contributed to by the father and mother, but, particularly, by the father, and a small trust estate created by the father. The mother and son were supported entirely by the father in an abode common to all of them and in keeping with the family's financial station in life, including a governess for the son paid for by the father. In such circumstances, the contention that the husband's distribution of the excess income to the son's estate was in the service of an interest adverse to the grantor rests too heavily upon the bare and relatively inconsequential legal liability of the trustee.

It is true that, in form, disposition of the excess income rested in the trustee's discretion. But, the mere form should not be permitted to overpower the actual substance. The income was in fact distributed in the grantor's interest. The trustee testified that the accumulations of excess income for the years 1934 and 1935 were "presumably invested for the safeguarding of the boy in future times if I should not be able to help, or if my wife should not be able to help him". Obviously the distribution to the son's estate was for the purpose of building up a competence for him for the future when the legal liability of both the father and the mother for support might be of little avail. It was made without thought for the present legal liability of either and to an end in which the grantor was interested equally with the trustee. That such was the grantor's expectation of her husband's exercise of his discretion is in part indicated by the deed of trust. While the grantor therein provided that, upon her husband's death or resignation, a bank should be substituted as trustee, she also provided that in such event she should become a co-trustee. Viewing the situation realistically, as a proper regard for legal liabilities requires, the scheme which the taxpayer now urges for the trust would be no more than a means for her contributing to the son's estate without liability for tax on the income thus indirectly devoted by her to that purpose. See Loeb v. Commissioner and Fulham v. Commissioner, supra.

It follows that the excess income which was distributable to the grantor in the discretion of the husband-trustee was so distributable by a person not having an adverse interest and that it was, therefore, taxable to the grantor under Sec. 167 of the Revenue Act of 1934.

The decision of the Board of Tax Appeals is reversed.

MARIS, Circuit Judge (dissenting).

I am of the opinion that the Board of Tax Appeals did not err in holding that the trustee had a substantial adverse interest in the disposition of the trust income involved in this case and that the decision of the Board should be affirmed for the reasons stated in its opinion, 40 B.T.A. 759.