VICTOR SHAKEN AND ALICE SHAKEN, HUSBAND AND WIFE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 39823, 45116. Promulgated February 26, 1954.

*Seymour J. Wilner, Esq.,* for the petitioners.
*R. J. McDonough, Esq.,* for the respondent.

**OPINION.**

OPPER, *Judge:* The sole issue as to whether withdrawals from petitioner's corporation were loans or disguised dividends is purely one of fact as both parties agree. *Wiese* v. *Commissioner*, (C. A. 8, 1938) 93 F. 2d 921, 923, certiorari denied 304 U. S. 562, rehearing denied 304 U. S. 589. Our ultimate finding disposes of the question in petitioner's favor for reasons some of which we set forth in greater detail.

From the inception of Victor International Corporation in 1946 until its liquidation in 1950, both petitioner and his wife maintained running "loan accounts" with the corporation. No ground is given or appears from the record for treating some of the withdrawals from these loan accounts, either in the earlier years or in the years before us, as disguised dividends and other withdrawals from the same accounts as bona fide loans. See *Rollin C. Reynolds*, 44 B. T. A. 342. If we were to assume that all of the withdrawals were disguised dividends, with the so-called repayments being contributions to paid-in capital or loans to the corporation, it would have had no earned surplus in 1949 out of which to declare dividends; the total withdrawals up until January 1, 1949, of $32,946.08 far offset the earned surplus of $15,427.73, which, according to the revenue agent's report, was all that existed on March 31, 1949.[1]

The year 1948 is not materially different. Prior to that year petitioner and his wife [2] had made withdrawals totaling $12,041.11 which when offset against earnings during the corporation's first 2 fiscal years of $13,757.21 leaves an earned surplus of only $1,716.10. If we add this to the $1,670.52 earned by the corporation during the fiscal year ended March 31, 1949 (only 9 months of which fell in petitioner's 1948 calendar year), we arrive at a figure of $3,386.62, a much smaller and totally different amount than that sought to be taxed as dividends by respondent. Since petitioner's withdrawals of $20,766.94 in 1948 have no relation to this maximum earned surplus figure, it is difficult for us to believe that he was using the corporation's loan receivable account to disguise any dividend distribution.

The evidence also shows that petitioner received salaries during the periods in question, and that some of these were credited to his loan account, further circumstances tending to rebut any over-all intention to avoid taxes on ordinary income. The failure to charge interest is not determinative here. See *Irving T. Bush*, 45 B. T. A. 609, 623, remanded without consideration of this point (C. A. 2) 133 F. 2d 1005. Petitioner's execution of a note in 1949 for the net balance due and the carrying of the amounts on the books of the corporation as loan receivables cannot be ignored. See *Moses W. Faitoute*, 38 B. T. A. 32, 35.

Under all the circumstances, see *Carl L. White*, 17 T. C. 1562, we think the deficiency was improperly determined.

*Decisions will be entered for the petitioners.*

---

[1] According to the same report, the earned surplus on March 31, 1950, was $13,847.77. Presumably the surplus on December 31, 1949, was a figure somewhere between the two, although petitioner's original balance sheet reports a net loss of $15,071.70 for the last 9 months of 1949 and puts the surplus at the end of the year at $2,965.55.

[2] The payments to petitioner's wife, as respondent contends, went for her required support and consequently were for his benefit. See *Clark* v. *Commissioner*, (C. A. 3) 84 F. 2d 725.