(No. 11134.—Reversed and remanded.)

THE H. G. GOELITZ COMPANY, Plaintiff in Error, *vs.*
THE INDUSTRIAL BOARD OF ILLINOIS *et al.* Defendants
in Error.

*Opinion filed April 19, 1917.*

1. WORKMEN'S COMPENSATION—*widow is entitled to compensation if deceased employee was under legal obligation to support her.*
Under paragraph (*a*) of section 7 of the Workmen's Compensation
act the widow of the deceased employee is entitled to compensation for the accidental injury resulting in his death whether or not
she was dependent upon him for support at the time of his death
and whether or not she was living with him, if at the time of his
death he was under legal obligation to support her.

2. SAME—*Industrial Board must base its findings on competent and legal evidence.* The arbitrators and the Industrial Board must
rest their findings upon competent and legal evidence as tested by
the elementary and fundamental principles of judicial inquiry, the
burden being upon the claimant to establish his claim by such evidence, but if there is any competent evidence in the record to support the decision of the Industrial Board the courts cannot pass
upon its weight or sufficiency.

3. SAME—*an order for payment of compensation in a lump sum should not be made without evidence or stipulation of facts.* An
order for payment of compensation in a lump sum should not be
made at the instance of the claimant unless there is some evidence
or a stipulation of facts by counsel for both parties that it is for
the best interests of the claimant and that such order will not result injuriously to the other party, but it is not incumbent upon the
claimant to show that it is for the best interests of both parties.

4. SAME—*payment of attorney's fees should not be decisive of question whether compensation shall be paid in a lump sum.* The
question of the payment of attorney's fees should not be considered
decisive by the Industrial Board in determining whether or not
the compensation shall be awarded in a lump sum but it is an element that may be considered.

5. SAME—*unless point is raised by pleadings the administrator need not prove his right to sue.* An administrator making claim
under the Workmen's Compensation act for an injury resulting in
the death of an employee need not make proof of his right to sue
as administrator unless that question is put in issue by pleadings.

6. SAME—*when award of compensation in lump sum cannot be rejected.* Under section 9 of the Workmen's Compensation act, as

amended in 1915, an award in a lump sum, where compensation has been awarded under section 7 of the act, cannot be rejected by the mere filing of a written rejection within ten days.

7. SAME—*what is sufficient proof that employee was under legal obligation to support his wife.* Where it appears that the wife of a deceased employee had lived apart from him for many years because of his unfaithfulness and there is no attempt to prove condonation, uncontradicted evidence that she was legally married to the employee and had never been divorced is sufficient proof that he was under legal obligation to support her, as such obligation is imposed by law and does not depend upon the wife's means of support but upon the marriage relation.

8. SAME—*when an objection cannot be raised that evidence that wife had not been divorced was incompetent.* An objection that the evidence before the Industrial Board showing that the wife of the deceased employee had not been divorced was incompetent because it was in the form of a telegram from her to her son, sent during the hearing, cannot be raised where no objection to its consideration was made, although the chairman of the board stated that it would not be considered as competent evidence if there was any objection by the employer or his counsel.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

ZIMMERMAN & GARRETT, for plaintiff in error.

BOWE & BOWE, (AUGUSTINE J. BOWE, and GUY M. BLAKE, of counsel,) for defendants in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a proceeding under the Workmen's Compensation act to recover compensation on account of the accidental death of Henry Hunley while employed by plaintiff in error. The board of arbitrators appointed under the act found against the plaintiff in error. On review before the Industrial Board it was stipulated by the parties, and the board so found, that Hunley and plaintiff in error were operating under and subject to the provisions of the Workmen's Compensation act, and that the accident resulting in Hunley's death arose out of and in the course of his em-

ployment. The board further found that Hunley left him surviving Florence Hunley, his lawfully wedded wife, as his sole beneficiary, and awarded the administrator of the estate $5.20 a week for a period of 416 weeks, commencing from the date of the accident. Afterwards the board changed this finding and awarded a lump sum of $1925.91. Following this award the plaintiff in error sued out a writ of *certiorari* in the circuit court, and the record of the proceedings of the Industrial Board was reviewed in that court and the award of said board affirmed. The circuit court thereafter certified that the case was one proper to be reviewed by this court, and a writ of error was thereafter accordingly sued out of this court to the circuit court of Cook county.

On November 13, 1915, while working in plaintiff in error's asphalt plant, in Cook county, the deceased was caught in the machinery used in said plant and so injured that he died before he could be removed to a hospital. Evidence offered before the Industrial Board showed that Hunley was married to Florence Taylor in 1885, in Ohio; that of this marriage there were born to them a son and a daughter; that the son and the mother were living, at the time of the accident, in Calgary, Canada; that the deceased and his wife had not been living together for nineteen years previous to his death. The evidence also tended to show that Hunley and a woman other than his wife were living together for some time during the years between 1893 and 1896; that thereafter this woman married a man named Jones, whose wife she was at the time of the hearing; that two children were born to this woman and Hunley, one of them, Louise Wright, being a claimant in this case. The evidence tends to show that Hunley had contributed to Louise Wright's support for some years before his death, and that she was paid $150 by the casualty company which insured plaintiff in error before it was known that Florence Hunley was a claimant or that Hunley left a widow. It

was first known that Florence Hunley was a claimant when her son, Ewell Taylor Hunley, appeared before the Industrial Board on the hearing on review and testified as to his mother being the widow and a claimant in the case.

The chief contention of plaintiff in error appears to be that the wife, Florence Hunley, was not dependent upon the deceased for her support at the time of his death and therefore cannot recover; that the basis of recovery under these acts, in most jurisdictions, is dependency of the beneficiaries; but the decisions cited by counsel for the plaintiff in error on this question have reference to laws worded so differently from our Workmen's Compensation act on this question that they cannot be even persuasive as to the proper construction of our own act. Section 7 of the Workmen's Compensation act of this State reads, in part, as follows:

"The amount of compensation which shall be paid for an injury to the employee resulting in death shall be:

"(a) If the employee leaves any widow, child or children whom he was under legal obligation to support at the time of his injury, a sum equal to four times the average annual earnings of the employee, but not less in any event than one thousand six hundred fifty dollars and not more in any event than three thousand five hundred dollars. Any compensation payments other than necessary medical, surgical or hospital fees or services shall be deducted in ascertaining the amount payable on death.

"(b) If no amount is payable under paragraph (a) of this section and the employee leaves any widow, child, parent, grandparent or other lineal heir, to whose support he had contributed within four years previous to the time of his injury, a sum equal to four times the average annual earnings of the employee, but not less in any event than one thousand six hundred fifty dollars and not more in any event than three thousand five hundred dollars."

It is clear from paragraph (a) of said section that plaintiff in error was liable to the widow whether she was de-

pendent upon her husband for support or not at the time of his death, if at that time he was under "legal obligation" to support her. There can be no question, from the evidence, but that the husband was under legal obligation to support his wife. The burden of proof is undoubtedly upon the claimant to establish his claim by competent evidence. (*Dragovich* v. *Iroquois Iron Co.* 269 Ill. 478; *Ohio Building Safety Vault Co.* v. *Industrial Board,* 277 id. 96.) If there is in the record any legal evidence to support the decision of the Industrial Board it is not in the province of the courts to pass upon its weight or sufficiency, (*Parker-Washington Co.* v. *Industrial Board,* 274 Ill. 498, and cases cited,) but the basis upon which the finding rests must be shown by competent legal evidence and not be based upon mere conjecture or surmise. The arbitrators and the board, in reviewing cases, must rest their findings upon competent and legal evidence, as tested by the elementary and fundamental principles of judicial inquiry. (*Victor Chemical Works* v. *Industrial Board,* 274 Ill. 11; *Reck* v. *Whittlesberger,* 148 N. W. Rep. 247.) The evidence on the hearing before the Industrial Board shows, without contradiction, that the applicant, Florence Hunley, was legally married to the deceased and had never been divorced. It is true that the evidence as to no divorce rests upon a telegram sent by her to the son, Ewell Hunley, at the time he was in Chicago on the hearing before the Industrial Board, but it was definitely stated by the chairman of the board that this telegram would not be admitted as competent evidence if there were any objection made on the part of counsel for plaintiff in error, and no such objection was made, therefore that objection cannot be raised here. Hunley's unfaithfulness to his wife after their marriage is shown without contradiction by the testimony of Mrs. Jones, the woman with whom he lived. This fact would undoubtedly justify the wife in living separate and apart from him thereafter unless she condoned the offense. There was no

evidence or attempt by counsel to prove that she did condone his unfaithfulness. Condonation is an affirmative defense and must be clearly shown. "The evidence must at all points affirmatively establish the allegation covering each of the several facts whereof condonation is composed." (2 Bishop on Marriage, Divorce and Separation, sec. 330; *Durant* v. *Durant,* 1 Hagg. Eccl. 733.) The duty to support his wife is imposed by law on the husband. This duty does not depend on the inadequacy of the wife's means but on the marriage relation. (13 R. C. L. 1188.) Some of the statutes as to workmen's compensation in other jurisdictions provide that the wife must be living with the husband at the time of the injury, but our act does not so provide. Paragraph (*a*) of said section 7 bases the wife's right for support upon the husband's legal obligation, at the time of his death, to support her, and does not require that they be living together at that time or that she is dependent upon him for support. We think the evidence admitted without objection on the hearing before the Industrial Board justified the finding of that board that the deceased was under legal obligation, at the time of his death, to support his wife.

Counsel for plaintiff in error also argue that the Industrial Board exceeded its powers in awarding a lump sum to the administrator. Section 9 of the act under which this lump sum was allowed reads as follows:

"Sec. 9. Any employer or employee or beneficiary who shall desire to have such compensation, or any unpaid part thereof, paid in a lump sum, may petition the Industrial Board, asking that such compensation be so paid, and if, upon proper notice to the interested parties and a proper showing made before such board, it appears to the best interest of the parties that such compensation be so paid, the board may order the commutation of the compensation to an equivalent lump sum, which commutation shall be an amount which will equal the total sum of the probable fu-

ture payments capitalized at their present value upon the basis of interest calculated at three percentum per annum, with annual rests: *Provided,* that in cases indicating complete disability no petition for a commutation to a lump sum basis shall be entertained by the Industrial Board until after the expiration of six months from the date of the injury, and where necessary, upon proper application being made, a guardian, conservator or administrator, as the case may be, may be appointed for any person under disability who may be entitled to any such compensation, and an employer bound by the terms of this act, and liable to pay such compensation, may petition for the appointment of the public administrator, or a conservator, or guardian, where no legal representative has been appointed or is acting for such party or parties so under disability. Either party may reject an award of a lump-sum payment of compensation, except an award for compensation under section 7 or paragraph (*e*) of section 8 or for the injuries defined in the last paragraph of paragraph (*e*) of section 8 as constituting total and permanent disability, by filing his written rejection thereof with the said board within ten days after notice to him of the award, in which event compensation shall be payable in installments as herein provided."

The original section 9, as passed in 1913, did not contain the exceptions contained in the last sentence of the section as amended. This sentence, as worded when first enacted, rendered it very easy for any party objecting to the award in a lump sum to be relieved from any obligation in that regard, as in all cases either party could reject the award if opposed to it and then the payments could only be made in installments. This case comes within the exception provided for in the last sentence of said section 9, inserted by amendment in 1915; as the compensation was plainly allowed under said section 7 of the act. Said section 9 provides that upon a proper showing the compensation or unpaid part may be ordered paid in a lump sum if

"it appears to the best interest of the parties that such compensation be so paid." No evidence was offered before the board on which this order allowing compensation in a lump sum was made, it being done on the statements of attorneys. The attorney for the administrator stated that the widow lived some 3000 miles from Chicago, and if there were any dispute in the future about collection of the money it would be a matter of serious inconvenience and expense to her; that she was a property owner in Calgary, Canada, owning a home and a little ground, and that it was her intention to add to those holdings to increase her income; that she lived with her son, who contributed materially to her support, he being unmarried; that she was a woman of thrift and industry; that it was necessary, as the case was vigorously contested, for her to employ two attorneys, and that the request for the lump sum was partly in order that the attorneys might be paid for their services; that it was the duty of the board and to the interest of claimants to see that attorneys who properly present the facts are compensated, in order thereby to encourage them to accept and carry on disputed cases; that it was also wise to close up the estate under the administrator's care as soon as possible, and that payment in a lump sum would facilitate such an arrangement. Opposing counsel objected to this statement of the attorney for the widow, the record not showing the ground of his objection. Counsel for the administrator stated at that time, on the hearing, that the administrator, being a resident, could make all collections easily and there was no necessity for the payment in a lump sum; that the fact that the beneficiary was not a resident was a matter of no consequence; that there was no necessity for two attorneys in the case; that one of them originally represented the administrator and the illegitimate daughter; that after the widow had come into the case the two attorneys had joined hands.

We do not think that it is necessary to show it to be for the best interests of both parties before the award can be made in a lump sum, but we are of the opinion that there should be some showing by evidence, or by the facts stipulated by counsel for both parties, that it is for the best interests of the party applying for it that the compensation be paid in a lump sum. We do not think the board is authorized to proceed on this point, more than on any other, on mere conjecture, surmise or speculation or to assume anything. The order for payment in a lump sum should not be made unless there is some evidence from which it can be reasonably presumed that such lump payment will be for the best interests of the party applying therefor, all things considered, and that such order for the payment in a lump sum will not result injuriously to the other party. The fundamental basis of workmen's compensation laws is that there is a large element of public interest in accidents occurring from modern industrial conditions, and that the economic loss caused by such accidents should not necessarily rest upon the public but that the industry in which an accident occurred shall pay, in the first instance, for the accident. (Harper on Workmen's Compensation, sec. 5.) "That lump-sum payments, with proper safeguards, should be permitted is obvious, because on the part of the employer it may become necessary for him to terminate all his obligations to his injured workmen and others, and on the part of the employee and his dependents circumstances may arise when to deny such a lump-sum settlement would result in great hardship and distress or entire loss of the compensation. On the other hand, the State is concerned in preventing dissipation of the money paid and an early recourse to that charitable aid which systematic compensation aims to avoid. 'There is nothing to insure,' say Sidney and Beatrice Webb, 'that the incapacitated workman or the widow does not lose or squander the sum handed over by the insurance company as compensation for the accident and eventually

become as dependent on poor-law relief as if the community had provided nothing at all. As a matter of fact, there are always among the paupers in the industrial districts thousands of such cases, and their number increases annually.' " (Harper *on* Workmen's Compensation, sec. 166.)

We do not think the attorney's statement was a sufficient showing before the board upon which to base the award of the compensation in a lump sum, whatever we might hold if the reasons stated by him had been proven by competent testimony. It is not improper to say, however, in passing, that we do not think the question of attorney's fees should be considered decisive by the Industrial Board in determining whether or not the compensation should be awarded in a lump sum or payable in installments. While that is an element that might reasonably be considered by the board it should not be controlling in the matter, but, as stated before, the party asking for the award in a lump sum should be prepared to show by competent evidence that it is for the best interests of the party asking for such an order that it should be entered. No such showing was made in this case.

Counsel for plaintiff in error further object that the administrator's right to act was not properly shown. It is not necessary to make proof of the right to sue as administrator. Unless that question is put in issue by the pleadings it cannot be afterward raised. (*Union Railway and Transit Co.* v. *Shacklet,* 119 Ill. 232.) On this record we do not think plaintiff in error can raise this question.

For the reasons stated, the judgment of the circuit court is reversed and the cause remanded for further proceedings in accordance with the views herein set forth, each party to pay one-half the costs.   *Reversed and remanded.*