(No. 4230-

FRANCES LAPINSKI, WIDOW OF FRANK E. LAPINSKI, DECEASED,

Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 6, 1950.*

W. BEN MORGAN, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

LANSDEN, J.

Claimant, Frances Lapinski, widow of Frank E. Lapinski, deceased, seeks to recover under the Workmen's Compensation Act for the death of her husband on September 12, 1949, allegedly as the result of an accidental injury which decedent sustained in the course of his employment on September 2, 1949.

No jurisdictional questions are involved in this case filed on October 1, 1949.

On the date of the accident decedent was employed by the Department of Public Welfare as an attendant at the Elgin State Hospital. While decedent was engaged in moving patients from a dormitory to a day room, one of the patients turned and struck at decedent, who raised his arm to fend off the blow. In so doing decedent lost his balance and fell, sustaining an intertrochanteric fracture of his left femur with comminution.

Decedent was immediately hospitalized at the institution's hospital under the care of staff doctors.

Decedent was scheduled for surgery the next day,

but this was canceled when decedent ran a temperature, the doctor in charge of the case fearing the onset of pneumonia. However, such never did develop, although X-ray findings disclosed evidence of pneumoconiosis in both lung fields. Penicillin was administered, and decedent's left leg was put in traction.

On September 6, 1949, lack of bowel sounds and the inability of decedent to expel an enema, indicated paralysis of the bowels. By September 10, 1949, this condition was cleared up and decedent was again scheduled for surgery, but on September 12, 1949, at about 11:30 P.M., he complained of difficulty in breathing. He was somewhat cold and clammy. Decedent suddenly expired that night, although he had been in good spirits and had made no complaints earlier in the evening.

Two doctors testified for claimant, one of whom was decedent's attending physician. Both were of the opinion that decedent's death was due to either a fat embolism from the fracture site being absorbed and carried to the lung or heart or a coronary occlusion. But such doctors tended to favor the former as the immediate cause of death primarily because a fat embolism occurs, if ever, four to fourteen days after the fracture, and in such type of comminuted fracture such could be expected in a certain number of cases. Coronary occlusion was apparently ruled out because of decedent's prior condition of good health. No doctors testified for respondent.

To hold that decedent did not die as a result of something directly traceable to the accident which occurred ten days prior to his death, would require this Court to reject *in toto* the considered opinions of the two doctors who testified. This we shall and should not do. We, therefore, conclude that decedent's death resulted from the accidental injury which he sustained ten days prior to

his death, the same arising out of and in the course of his employment. *Superior Coal Co.* v. *Ind. Com.*, 336 Ill. 568.

Claimant testified that she and decedent were married in 1904 and were still married at the time of his death. Three sons were born of this marriage. The sons were all of age at the time of decedent's death, and one of them was present with his mother at the hearing before Commissioner Wise. Claimant and decedent had not lived together for five years prior to the date of the accident. She lived with one of her sons in Michigan, and decedent sent her only a very small amount of money because she did not need it, since she was also working. Decedent did visit her and the sons in Michigan in 1948. Claimant and decedent had planned to save money so they could buy a place in Michigan and live together again.

Claimant is entitled to an award as the widow of decedent under Section 7 (a) of the Workmen's Compensation Act, since he was under a legal obligation to support her. *Goelitz Co.* v. *Ind. Bd.*, 278 Ill. 164; *Smith-Lohr Coal Mining Co.* v. *Ind. Com.*, 286 Ill. 34. No other persons are eligible to be included in the award.

On the date of the accident decedent was 65 years of age, and his earnings in the year prior thereto amounted to $2,131.37. The rate of compensation is $22.50 per week. The sum of $64.34 was paid to decedent from the date of his injury to the date of his death, although he performed no services for respondent. Such amount will have to be deducted from the award hereinafter entered, although part of it can properly be considered as compensation for temporary total disability, the remainder is for non-productive time. Section 7 (a) Workmen's Compensation Act.

Mary Alice Spring, Elgin, Illinois, was employed to

take and transcribe the testimony before Commissioner Wise. Her charges amounted to $37.00, and an award is entered in her favor for such amount.

An award is entered in favor of claimant, Frances Lapinski, under Section 7 (a), (L) of the Workmen's Compensation Act, in the amount of $6,000.00 less overpayment of $64.34, or a net award of $5,935.66, payable as follows:

$ 887.14, less overpayment of $64.34, or the sum of $822.80, which has accrued and is payable forthwith,

$5,112.86, payable in weekly installments of $22.50 beginning on June 13, 1950, for a period of 227 weeks, plus one final payment of $5.36.

All future payments being subject to the conditions of the Workmen's Compensation Act, jurisdiction of this case is specifically reserved for the entry of such further order as may be necessary.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."