(No. 41028.—

GERMAINE G. HARMES, Appellee, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(Shirley Harmes, Appellant.)

*Opinion filed September 24, 1968.*

LIPNICK, BARSY & JOSEPH, of Chicago, (SIDNEY Z. KARASIK, of counsel,) for appellant.

DAVID ALSWANG, of Chicago, for appellee.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

This appeal arises out of conflicting claims to compensation awarded under the Workmen's Compensation Act. (Ill. Rev. Stat. 1965, chap. 48, par. 138.1 *et seq.*) Each of the two claimants alleges that she is the widow of George C. Harmes and is entitled to compensation under section 7(a) (Ill. Rev. Stat. 1965, chap. 48, par. 138.7) of the Act. Both the arbitrator and the Industrial Commission found that Shirley Harmes was the widow of George Harmes, and that decedent was under no legal obligation to support Germaine G. Harmes. The circuit court of Cook County, on review, reversed those findings and ruled that Germaine G. Harmes was decedent's widow and therefore entitled to the award.

The indisputable facts are that on September 18, 1948, George C. Harmes married Germaine F. Vance and that no children were born to or adopted by them. Some time in 1954, the couple separated, and on September 22, 1964, George filed a complaint for divorce charging Germaine with desertion, allegedly making service upon her by publication. An *ex parte* decree of divorce was entered April 15, 1965, and George proceeded to marry Shirley Troia on April 24, 1965. No children were born to or adopted as the result of this union but Shirley did live with and was supported by George until his death on June 25, 1965, as the result of an accident arising out of and in the course of his employment. Shirley filed an application for adjustment of claim on July 2, 1965, and Germaine did so on August 24,

1965. Before hearing on these claims, Germaine petitioned the circuit court to have the divorce decree of April 15, 1965, vacated, alleging that she had no previous notice thereof and that the decedent failed to exercise diligent inquiry to ascertain her place of residence and that her last known address furnished in the affidavit for publication was false and known to be false. The circuit court sustained the charges contained in her petition and ordered the decree of April 15, 1965 "set aside, vacated, declared null and void and held for naught". No appeal was taken therefrom. On the hearing thereafter, the arbitrator made the award previously mentioned which was affirmed by the Commission and reversed by the circuit court.

On appeal, Shirley alleges that the finding of the Commission that she was decedent's widow at the date of his death is consistent with the evidence and the law. She bases this argument on the reasoning that the Act was intended to compensate those dependent upon the deceased employee, that she was dependent upon decedent at the date of his death while Germaine was not, that she did not receive or seek support, and that no question of the validity of decedent's divorce arose until after his death. She also argues that the Industrial Commission is not bound by the declaration of the circuit court in determining who is a dependent under the Workmen's Compensation Act. We find these contentions to be unfounded in law and contrary to our previous interpretation of section 7(a) of the Act under which she claims the award.

Section 7 of the Act provides in relevant part: "The amount of compensation which shall be paid for an accidental injury to the employee resulting in death shall be: (a) If the employee leaves any widow * * * whom he was under legal obligation to support at the time of his accident, a sum equal to * * *." In the event no award is payable under paragraph (a), paragraph (b) provides for payment to parent, husband, child or children "who at

the time of accident were totally dependent upon the earnings of the employee" and paragraph (c) provides for payments when none are due under (a) or (b) to parent or parents, child or children, who were partially dependent upon the earnings of the employee at the time of the accident.

It is significant to note that in referring to the right of the widow to the award, the section of the Workmen's Compensation Act is silent as to any requirement of dependency, but is limited to a legal obligation of the employee to support. However, in paragraphs (b) and (c), in referring to the rights of others, dependency is required.

Angerstein, Illinois Workmen's Compensation, Vol. II (Rev. Ed. 1952), subsec. 1301, p. 160, states:

"Subsection 1301. Legal Obligation to Support— Widow Living Apart from Husband.

"Where there has been a valid legal marriage, and the deceased employee at the time of the injury was under legal obligation to support the widow, it is immaterial that she may have been living apart from him at the time of the injury or even that she may have been living apart for a number of years and that she was not dependent upon him for support or that he had not contributed anything to her support. Neither does it in any way affect her right to compensation that she, during such time, did not ask for support and did not take any legal action to compel the husband to support her. She is entitled to compensation if there existed a legal obligation on the part of the deceased employee to support her at the time of the injury. (*Goelitz Co.* v. *Industrial Board,* 1917, 278 Ill. 164, 115 N.E. 855 and *Smith-Lohr Coal Mining Co.* v. *Industrial Commission,* 1919, 286 Ill. 34, 121 N.E. 231.)"

In *Goelitz,* the court held (p. 169) that: "The duty to support his wife is imposed by law on the husband. This duty does not depend on the inadequacy of the wife's means

but on the marriage relation. * * * Paragraph (*a*) of said section 7 bases the wife's right for support upon the husband's legal obligation, at the time of his death, to support her, and does not require that they be living together at that time or that she is dependent upon him for support." This holding was followed in *Smith-Lohr Coal Mining Co.* wherein the court, in allowing an award to a widow living apart from the deceased and not dependent upon him for support at the time of his demise, said at p. 36: "It is sufficient if the husband was under legal obligation to support." See *American Milling Co.* v. *Industrial Board,* 279 Ill. 560.

Applying these standards to the present case, we find Germaine, and not Shirley, to have been decedent's lawful wife and therefore his widow at the time of the accident. The former made proof of her marriage to decedent and thus of the obligation to support by competent documentary evidence. She also came forward with other documentary evidence to show that she had never been validly divorced. Regardless of when the attack on the decree of divorce was made, the language of the circuit court order vacating the previous decree clearly made it void *ab initio.* We therefore hold Germaine Harmes to be entitled to the widow's award under section 7(a) of the Act.

For the reasons hereinabove stated, the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*