(No. 43888.—

JOE L. BROWN, Appellant, v. THE INDUSTRIAL COMMISSION *et al.*—(Johns-Manville Products Corp., Appellee.)

*Opinion filed March 30, 1972.*

EUGENE A. FRENCH, of Waukegan (J. JOHN HENDERSON, of counsel), for appellant.

FUQUA, FUQUA, WINTER & HOMER, of Waukegan, for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

This appeal involves a claim under the Workmen's Compensation Act. (Ill.Rev.Stat. 1967, ch. 48, par. 138.1 *et seq.*) The arbitrator denied petitioner's claim for compensation. The Industrial Commission affirmed the decision of the arbitrator and the circuit court of Lake County confirmed the decision of the Industrial Commission. This appeal follows.

The petitioner was employed by the respondent, Johns-Manville Products Corp., for 19 years. The last three years he worked handling heavy items described as "brake blocks," loading them on handtrucks and pulling them to other parts of the plant. He contends that on Friday, June 23, 1967, he was pulling a loaded truck which weighed approximately 2,500 lbs. when he noticed a pain in his left wrist. He didn't report the injury. However, on Monday morning he did not return to work. He contends that his wife called his foreman on Tuesday and informed him of the accident and that she later informed his foreman that the petitioner was going to the hospital. Petitioner also states that while he was in the hospital he saw his foreman and discussed his injury with him.

The foreman's deposition was taken but was not

submitted to either the arbitrator or the Commission. By stipulation the deposition was incorporated in the record submitted to the circuit court. The circuit court on *certiorari* tries a case on the record alone and has no authority to consider evidence not considered by the Commission. *(Zimmerman v. Industrial Com. (1972), 50 Ill.2d 335.)* The deposition should not have been considered by the circuit court. However, it related primarily to the question of notice, and in view of the disposition we make of this issue herein the deposition was not relevant to the controlling questions in the case.

The family doctor testified that the petitioner had contacted him on June 27, 1967, and complained of a pain in his hand and wrist. On examining him the doctor found a Dupuytren's Contracture, a "fibrosis of the fascia, the skin of the palm to the facia of the palm." The doctor stated that this is a progressive condition that occurred over a period of time—weeks or months. The petitioner gave him no history of trauma to his hand or wrist. Surgery was performed on his hand on July 9. His hand and wrist were encased in a plaster cast and immobilized until about July 27. On August 3 petitioner complained of pain in his hand and wrist, and on August 10 an X ray was taken of the wrist which disclosed a slight demineralization of the bone, which according to the doctor was not an uncommon finding in joints that had been placed in a cast. The doctor could not say what could have caused the Dupuytren's Contracture but stated it could cause the pain and weakness in the wrist of which the petitioner complains.

On October 7, 1967, the petitioner contacted an orthopedic surgeon and complained of pain in his wrist. He gave the doctor history of having hurt his hand at work while pushing a cart. Because the pain persisted, the petitioner was again admitted to the hospital where, upon examining the petitioner, the doctor discovered an old injury to his elbow, an old fracture to the head of the

radius. The doctor stated that as a result of this old injury there was impairment of the function of the elbow which in turn could affect the flexibility of the bones in the wrist. The doctor performed surgery on the elbow, and later on April 12, 1968, when he saw the petitioner he had "minimal complaints." The doctor diagnosed the petitioner's condition as an old fracture of the proximal head of the radius and a sprain of the distal radial ulnar joint. The doctor in answer to a hypothetical question thought there could be a causal connection between the sprain and petitioner's work.

The arbitrator found that the petitioner failed to prove that he had sustained an accidental injury arising out of and in the course of his employment. The Commission affirmed the decision of the arbitrator. The circuit court affirmed the decision of the Industrial Commission and in its order found that the petitioner had failed to prove he sustained injuries arising out of and in the course of his employment, that the decision of the Industrial Commission was correct and should be affirmed, and that the petitioner had failed to prove he had given notice to his employer of any injury as required by law. This last finding concerning the giving of notice was not incorporated as a finding by either the arbitrator or the Commission.

The petitioner contends that the finding by the court that notice had not been given as required by law was against the manifest weight of the evidence and requires reversal by this court. The answer to this contention is that the finding of the court with regard to notice was superfluous and unnecessary to the order. The other finding of the order conformed to that of the arbitrator and the Industrial Commission. The order also found that the decision of the Industrial Commission should be sustained and affirmed, and the order then proceeded to affirm the decision of the Industrial Commission. This the court had authority to do, and the order affirming the

decision of the Industrial Commission was not dependent upon the finding of fact in the order that the petitioner had failed to give the required notice.

It is primarily the responsibility of the Industrial Commission to determine questions of fact *(Deere and Co. v. Industrial Com. (1970), 47 Ill.2d 144)* and to judge the credibility of the witnesses and to draw reasonable inferences from the testimony. *(Cebulski v. Industrial Com. (1971), 48 Ill.2d 289.)* The function of a court on review is to determine whether the findings of the Commission are against the manifest weight of the evidence. *(Williams v. Industrial Com. (1971), 49 Ill.2d 317.)* In our case the Commission had before it the testimony of the family doctor whom the petitioner consulted concerning the pain in his hand and wrist a few days after the alleged injury and to whom the petitioner gave no history of a traumatic injury to his hand or wrist. In addition, the Commission had this doctor's testimony that he could not say that there was any causal connection between the petitioner's work and this condition. The Commission also had testimony of the orthopedic surgeon describing the old fracture to the elbow and how it limited the movement in the petitioner's wrist. There was no evidence clearly establishing a causal connection between the petitioner's condition and his work or clearly establishing an injury arising out of his employment. True, there is evidence from which inferences may be drawn in favor of the petitioner's position, but there is also substantial evidence from which inferences may be drawn in opposition to the petitioner's position. The drawing of these inferences has been performed by the Industrial Commission, and we do not find the conclusions reached to be against the manifest weight of the evidence.

*Judgment affirmed.*