(No. 45780.

MIDWAY LANDFILL, INC., Appellant, v. THE INDUS-TRIAL COMMISSION *et al.*—(Bonita Peterman, Appellee.)

*Opinion filed November 30, 1973.*

KANE, DOY & HARRINGTON, of Chicago (SAM-UEL J. DOY, of counsel), for appellant.

FRANCIS E. YOUSSI, of Batavia, for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Kane County confirming the decision of the Industrial Commission which had affirmed an arbitrator's award to Bonita Peterman Mead for benefits under the Workmen's Compensation Act (Ill. Rev. Stat. 1969, ch. 48, par. 138.1 *et seq.*) for the death of her husband, Jimmy Ray Peterman. It was stipulated that on December 29, 1969, the decedent sustained accidental injuries which arose out of and in the course of his employment. At issue in this case is the claimant's right as the decedent's widow to receive compensation under the Act.

Bonita Peterman Mead, the petitioner, was the sole witness before the arbitrator. She testified that she had married Jimmy Ray Peterman and had lived with him for about three years. She then left him to live with Carl Mead. She returned to her husband a few weeks later and lived with him for about a week after which, with his permission, she again left him. They couldn't "get along." She testified that he said they needed to be separated for awhile to see if they could work things out. She went to live with Carl Mead in Mississippi. About 8 months later she again returned to Illinois to visit her parents. She was three months pregnant at that time. Peterman came to visit her on several occasions and on one occasion they had marital relations. During these visits he referred to her as his wife. They discussed her pregnancy by Mead. They also talked of reconciliation which was not accomplished. She again returned to Carl Mead and gave birth to his child in June, 1968. In November of 1968, she received a letter from her husband. She continued to live with Mead until they separated because of a quarrel about five or six weeks before her husband, Peterman, was accidentally killed on December 29, 1969. She subsequently returned to live with Mead and married him.

The statute under which the petitioner claims benefits under the Workmen's Compensation Act provides:

"Section 7: The amount of compensation *** is:

(a) If the employee leaves any widow *** whom he was *under a legal obligation to support* at the time of his accident, a sum equal to *** ." (Emphasis added.) Ill. Rev. Stat. 1969, ch. 48, par. 138.7(a).

It is the respondent's contention that the petitioner because of her misconduct had forfeited her right to compensation under the Act as the widow of the decedent. The question presented for review is whether the decision of the Industrial Commission that petitioner is entitled to benefits as the widow of the decedent is against the manifest weight of the evidence.

The obligation of a husband to support his wife is one imposed by law and exists by virtue of a valid marriage contract. (*VanKoten v. VanKoten, 323 Ill. 323; Sparling v. Industrial Com., 48 Ill.2d 332.*) Mere separation in and of itself is not sufficient to extinguish the duty. (*Harmes v. Industrial Com., 40 Ill.2d 488.*) Under the provisions of the Workmen's Compensation Act the right of a surviving widow to recover benefits is based upon the legal obligation of the employee to support her and not upon her dependency upon the employee for her support. *Harmes v. Industrial Com.,* at 491.

Respondent, relying on *M. Martin Polokow Corp. v. Industrial Com., 336 Ill. 395,* contends that the petitioner forfeited her right to support and that following her desertion of Peterman and by virtue of her adulterous conduct, he was no longer under an obligation to support her. The facts in *Polokow,* however, are somewhat different from those involved in our case. In *Polokow* following desertion by her husband, the wife remarried without having procured a divorce and she and her minor children thereafter lived with and were supported by her new husband. That relationship existed when her first husband was injured and died. The court held that under these circumstances she was not entitled to benefits as a widow under the Workmen's Compensation Act. It should be noted that in our case at the time of the husband's

death the petitioner had not remarried and she was not living with Mead.

In *Polokow* this court stated: "Adultery by the wife relieves her husband of the obligation to support her." (336 Ill. at 398.) We think that it cannot be held that a single act of misconduct on the part of a wife automatically extinguishes her husband's obligation to support her so as to deprive her of her benefits as a widow under the Workmen's Compensation Act. (See *Fox v. Fox, 9 Ill.2d 509.*) We feel that prior misconduct is but one factor to be considered in deciding whether the legal obligation of the husband to support the wife existed at the time of the accidental death. Such a determination must be made from all the facts and circumstances in evidence relating to this subject. Here, although the husband had knowledge of his wife's adultery, nonetheless he visited her, had marital relations with her, referred to her as his wife, discussed reconciliation with her, corresponded with her, and at no time sought to institute divorce proceedings to terminate the marriage relationship. In addition, the petitioner had not secured a divorce, had not remarried and was not living with Mead at the time of her husband's death.

The Industrial Commission determined from all of these facts that the decedent owed to the petitioner the obligation to support her at the time of his death. The function of the court on judicial review under the Act is to determine whether the determination of the Commission is against the manifest weight of the evidence. (*Brown v. Industrial Com., 51 Ill.2d 291.*) In this case we find that it is not.

The respondent contends that since the facts are not disputed and only one witness testified before the arbitrator, the question involved becomes one of law and the Commission's decision is in no way binding on the court, citing *Fisher Body Division, General Motors Corp. v. Industrial Com., 40 Ill.2d 514.* Although the facts in this case are undisputed there are inferences to be drawn from

them relative to the status of the obligations of the marriage. This court has held that it is the primary responsibility of the Industrial Commission to draw inferences from the testimony. (*Brown v. Industrial Com., 51 Ill.2d 291; Cebulski v. Industrial Com., 48 Ill.2d 289.*) We will therefore not disturb the finding of the Industrial Commission that the petitioner was entitled to receive benefits under the Workmen's Compensation Act as the widow of the decedent. The judgment of the circuit court of Kane County is affirmed.

*Judgment affirmed.*